EUGENE HOLLYWOOD, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

Plaintiff shot at B. intending to kill him, but missed him and hit Mrs. B. *Not error* for the court to refuse to charge, "that, if the prisoner pointed and fired a pistol at Mr. B. alone, with intent to do him bodily harm, the prisoner cannot be convicted of shooting Mrs. B."

PRISONER, plaintiff in error, was indicted, tried and convicted, in the New York General Sessions, of assaulting and shooting at Mrs. Baily, with intent to kill her. The proof on the trial showed that he shot at Thomas J. Baily, intending to kill him only, and not Mrs. Baily. The ball missed him, and, passing beyond, hit his wife. The prisoner's counsel requested the court to charge the jury "that, if the prisoner pointed and fired a pistol at Mr. Baily alone, with intent to kill him or do him bodily harm, the prisoner cannot be convicted of shooting Mrs. Baily.' Refusal, and exception. Conviction affirmed at General Term of the Supreme Court.

*S. H. Stuart,* for the plaintiff in error.

*A. O. Hall,* for the defendants in error.

PECKHAM, J. The statute under which this indictment was found declares, among other things, that "every person who shall be convicted of shooting at another, etc., with the intent to kill, maim, ravish or rob such other person," etc., shall be punished by imprisonment in a State prison not more than ten years. (2 R. S. 665.)

The prisoner was indicted under this statute. To convict him thereof it must be proved that he violated some one of its provisions. It would seem that shooting at Baily, with intent to kill him, and hitting Mrs. Baily by mere mistake, does not prove him guilty of shooting at her with intent to kill her. But it is equally clear, however, that the prisoner might have been convicted under this indictment, of another

offense than that described in this statute. At common law, feloniously or unlawfully firing or striking at one and hitting another, is an offense as to the latter, of which the prisoner might have been convicted under this indictment. The request of the prisoner was, in substance, to charge that the prisoner could not be convicted of any offense for shooting Mrs. B. The request was too broad, and the court therefore committed no error in refusing such charge. Irrespective of this objection no material error is presented in this record for review, at least none, in my judgment, appears. The judgment is affirmed.

All the judges concurring, except HUNT and MORGAN, JJ.,

Judgment affirmed.