PEOPLE *v.* KALUNKI.

1. CRIMINAL LAW — ASSAULT WITH INTENT TO MURDER — APPEAL.
   It appearing on a criminal appeal that a verdict of guilty of assault with intent to do great bodily harm less than murder was supported by the evidence, and was rendered after full and fair instructions in regard to the various offenses embraced in the information, which was for assault with intent to murder, the conviction was affirmed.

2. SAME—REQUESTS TO CHARGE—REFUSAL.
   Where, on a prosecution for assault with intent to murder, the court instructed the jury fully as to the various offenses embraced in the information, including the offense of which respondent was convicted, it was not error to refuse to give a requested instruction that there is no offense known as "assault with intent to commit manslaughter."

Error to Houghton; Haire, J., presiding. Submitted February 1, 1900. Decided February 20, 1900.

Peter Kalunki was convicted of an assault with intent to do great bodily harm less than the crime of murder, and sentenced to imprisonment for four years in the state prison at Marquette. Affirmed.

Under an information charging assault with intent to commit murder, respondent was convicted of an assault with intent to do great bodily harm less than the crime of murder. He struck the complaining witness in the face with an ax, cutting off a piece of the cheek bone and breaking off the bone connecting the cheek bone with the side of the head. He claimed to have inflicted the blow in self-defense.

*W. J. Macdonald*, for appellant.

*Oscar J. Larson*, Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*).  1. It is urged that the court should have directed a verdict of acquittal, for the reason that the respondent was in his own house, and that the complaining witness was an intruder between 8 and 9 o'clock at night, and that respondent used only such means as appeared necessary to him to eject the intruder.   We think there was ample testimony to justify the jury in finding that the respondent entertained the intent of which he was convicted.  The parties were Finns, whose custom it is to enter the houses of each other without knocking.   Respondent's home was in the second story, approached by an outside stairway. He had had trouble with the parties living below, and the evidence is sufficient to justify the conclusion that he supposed that one of the parties below was ascending the stairway.   The instructions given were very full, and were a correct statement of the law in regard to the various offenses included in the information and the defenses set up.

2.  Complaint is made that the court did not, as requested, say to the jury, "There is no offense known as assault with intent to commit manslaughter."   It was entirely unnecessary or unimportant to so instruct the jury, so long as the court did instruct them as to the essential elements constituting the crime for which he was convicted.

We find no error, and the conviction is affirmed.

The other Justices concurred.