THE STATE v. WALTER WILLIAMSON, Appellant.

Division Two, May 14, 1907.

ASSAULT WITH INTENT TO KILL: Shooting At One, Hitting Another. The gravamen of the offense of assault with intent to kill, is the intent with which the shot was fired. And where defendant is charged with felonious assault upon D., and the evidence shows that he shot at W. and the shot took effect upon D., he can not be convicted of assault with intent to kill D.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED.

*Thomas B. Harvey* for appellant.

The court should have sustained defendant's motion for a new trial, one ground of which was that the verdict was against the evidence. Exception was preserved to the action of the court in overruling said motion. Shooting with intent to kill Woehrle will not sustain a charge of shooting with intent to kill Dorn, simply because the shot took effect upon Dorn. State v. Mulhall, 199 Mo. 202.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

It is earnestly insisted by counsel for apellant that this case should be reversed and remanded on the authority of the case of State v. Mulhall, 199 Mo. 202. But in that case, the judgment was reversed because of the giving of an erroneous instruction—an instruction which submitted the case to the jury on the theory that the intent followed the bullet, in a case of assault with intent to kill. In the case at bar, the record is in the same shape as if it contained no instructions; no objections or exceptions to the instructions having been saved. This court will, therefore, presume that the instructions properly declared the law to the jury; the law applicable to the charge contained in the information. There was sufficient evidence in this case to justify the jury in finding that the defendant shot with intent to kill Dorn; the pointing of a loaded pistol at him, the firing of the pistol and the striking and wounding of Dorn certainly made out a prima-facie case. The fact that one or two witnesses gave it as their opinion that the defendant was shooting at another person did not establish that fact conclusively; neither did it take from the jury the right to convict the defendant, if the jury believed from the rest of the evidence that the defendant shot with intent to kill Dorn. The higher court will presume that the trial court properly in-

structed the jury, and will also presume that the jury properly convicted the defendant, in the absence of showing to the contrary. In other words, he who asserts error, must prove error. State v. Hunter, 170 Mo. 440.

BURGESS, J.—Upon an information filed by the assistant circuit attorney of the city of St. Louis, in the circuit court of said city, charging the defendant with an assault with intent to kill one Elmer Dorn, the defendant was convicted and his punishment assessed by the jury at imprisonment in the penitentiary for five years. The defendant in due time filed motions for new trial and in arrest of judgment, which were overruled. His sentence was afterwards commuted to three years imprisonment in the penitentiary, and judgment passed accordingly. Defendant appealed.

The information, omitting the formal parts, is as follows:

"Richard M. Johnson, assistant circuit attorney, in and for the city of St. Louis, aforesaid, within and for the body of the city of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows: That Walter Williamson on the twenty-second day of April, in the year of our Lord, one thousand nine hundred and five at the city of St. Louis aforesaid, with force and arms, in and upon one Elmer Dorn feloniously, wilfully, on purpose and of his malice aforethought, did make an assault; and the said Walter Williamson with a certain weapon, to-wit, a pistol loaded with gunpowder and leaden balls, then and there feloniously, wilfully, on purpose and of his malice aforethought did shoot off, at, against and upon the said Elmer Dorn then and there giving to the said Elmer Dorn in and upon the head and body of him the said Elmer Dorn with the pistol aforesaid, one wound,

with the intent then and there him the said Elmer Dorn feloniously, wilfully, on purpose and of his malice aforethought to kill; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.''

The evidence on the part of the State tended to prove that the prosecuting witness, Elmer Dorn, was a newsboy, ten years old, and that on the 22nd day of April, 1905, he was near the corner of Twenty-first street and Franklin avenue, St. Louis, selling newspapers, when the defendant, who was disputing with another man at the corner of said streets, drew a pistol and fired twice, one of the bullets striking Elmer Dorn in the knee. Thomas M. Sayman, a witness for the State, testified that he was driving along the street in a buggy, and, upon hearing the report of a pistol, looked up and saw the defendant fire two or three shots at another man, whose name was Ed. Woehrle. Witness did not notice the boy, Elmer Dorn, at all, and only learned some two hours afterwards that the boy had been struck by one of the bullets. After the shooting, which occurred between six and seven o'clock in the evening, the defendant ran north on Twenty-first street dodged into an alley and disappeared. The evidence showed that the wounded boy was confined in a hospital for about four weeks, and remained in bed some two weeks longer after he had been taken home.

Only the defendant explained the cause of the difficulty. He testified that he was at Hannibal, Missouri, engaged at his occupation as foreman of a shoe factory, and received a letter from a friend giving him some information about his wife, living in St. Louis. Thereupon he returned to St. Louis, where he resided, and found a number of letters in a wardrobe, which caused him to look for the said Woehrle. He also discovered that a little iron bank or box, containing over thirty dollars in money, was missing, and that it was

in the possession of Woehrle. Defendant met Woehrle on the street and told him to return the bank. Woehrle at first denied having it, but afterwards told the defendant that he would go to his house for the bank, and asked defendant to meet him at the corner of Twenty-first and Franklin avenue, where he would deliver the bank to him. That a short while thereafter he met Woehrle at the appointed place, when the latter cursed him, and thrust his hand in his pocket as if reaching for a pistol, and that thereupon he (defendant) pulled out his pistol and fired at Woehrle. A day or two after the shooting, the defendant went to Chicago, where he remained about four weeks, and then returned to St. Louis and gave himself up.

The only question presented by this appeal is as to whether there was any substantial evidence to support the verdict. This point was raised by the motion for a new trial, and is now insisted upon in this court.

In order to convict the defendant of the crime charged in the information in this case, it devolved upon the State to prove that he shot at Elmer Dorn with intent to kill him; not that he shot at Woehrle, and that the shot took effect upon Dorn. [State v. Mulhall, 199 Mo. 202.] The gravamen of the offense was the intent with which the shot was fired; and it is clear from the evidence that the defendant did not intend to shoot Dorn, for there is no evidence that he even saw him at the time he fired the shot which entered his leg.

There is, we think, an entire failure of evidence to support the verdict, and the judgment should, therefore, be reversed and the defendant discharged. It is so ordered. All concur.