### PEOPLE v. CASTALDO.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. INDICTMENT AND INFORMATION (§ 110*)—LANGUAGE OF STATUTE.

Under an indictment in the common-law form, charging assault with intent to kill, defendant could be convicted of the crime as defined by Pen. Code, § 217 (Pen. Law [Consol. Laws 1909, c. 40] § 240).

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 289–294; Dec. Dig. § 110.*]

2. CRIMINAL LAW (§ 1186*)—HARMLESS ERROR—VARIANCE—MATERIALITY.

Pen. Code, § 217 (Pen. Law [Consol. Laws 1909, c. 40] § 240), makes it an offense to assault with intent to kill the one assaulted or "another." Code Cr. Proc. § 281, provides that, when an offense involves private injury, an erroneous allegation as to the person intended to be injured is not material. Code Cr. Proc. § 542, requires an appellate court to give judgment regardless of defects not affecting substantial rights, and sections 293–295 authorize the cure of immaterial variances by amendment on the trial. *Held,* that the variance between a charge that accused assaulted B. with intent to kill him, and proof that the assault

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*was made with intent to kill G., was not prejudicial, though no amend-
ment was attempted.*

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1186.*]

Appeal from Court of General Sessions, New York County.

Guiseppe Castaldo was convicted of crime and appeals. Affirmed

The indictment reads as follows:

The grand jury of the county of New York, by this indictment, accuse
Guiseppe Castaldo of the crime of assault in the first degree, committed as
follows: The said Guiseppe Castaldo, late of the borough of Manhattan,
of the city of New York, in the county of New York aforesaid, on the 14th
day of July, in the year of our Lord one thousand nine hundred nine, at the
borough and county aforesaid, with force and arms, in and upon one Pas-
quale Alloca, in the peace of the said people then and there being, feloni-
ously did make an assault, and to, at, and against him, the said Pasquale
Alloca, a certain pistol then and there loaded and charged with gunpowder
and one leaden bullet, which said pistol the said Guiseppe Castaldo, in his
right hand then and there had and held, the same being a deathly and dan-
gerous weapon, willfully and feloniously did then and there shoot off and
discharge, with intent him, the said Pasquale Alloca, thereby then and there
feloniously and willfully to kill, against the form of the statute in such case
made and provided, and against the peace of the people of the state of New
York, and their dignity.

Second count: And the grand jury aforesaid, by this indictment, further
accuse the said Guiseppe Castaldo of the crime of assault in the second de-
gree, committed as follows: The said Guiseppe Castaldo, late of the borough
and county aforesaid, on the day and in the year aforesaid, at the borough
and county aforesaid, with force and arms, in and upon the said Pasquale
Alloca, in the peace of the said people then and there being, feloniously did
willfully and wrongfully make an assault, and to, at, and against him, the
said Pasquale Alloca, a certain pistol then and there charged and loaded
with gunpowder and one leaden bullet, which said pistol the said Guiseppe
Castaldo, in his right hand then and there had and held, the same being a
weapon and an instrument likely to produce grievous bodily harm, then and
there feloniously did willfully and wrongfully shoot off and discharge, against
the form of the statute in such case made and provided, and against the
peace of the people of the state of New York and their dignity.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and DOWLING, JJ.

Isidor J. Kresel, for appellant.
Robert C. Taylor, for respondent.

SCOTT, J.   This is an appeal from a judgment of the Court of
General Sessions, New York county, convicting the defendant of the
crime of assault in the first degree. The indictment is in the com-
mon-law form and charges that the defendant, "with force and arms,
in and upon one Pasquale Alloca, in the peace of the said people then
and there being, feloniously did make an assault, and to, at, and
against him, the said Pasquale Alloca, a certain pistol then and there
loaded and charged with gunpowder and one leaden bullet, which said
pistol and the same Guiseppe Castaldo, in his right hand then and
there had and held, the same being a deathly and dangerous weapon,
willfully and feloniously did then and there shoot off and discharge,
with intent him, the said Pasquale Alloca, thereby then and there
feloniously and willfully to kill, against the form of the statute in
such case made and provided, and against the peace of the people of
the state of New York, and their dignity."

[1] Under such an indictment it seems that the defendant could

properly be convicted of the crime charged by proof of the crime as defined by the provisions of the Penal Code. People v. Enoch, 13 Wend. 159, 27 Am. Dec. 197; People v. Darragh, 141 App. Div. 408, 126 N. Y. Supp. 522, affirmed 96 N. E. 1124, October 3, 1911, without opinion. The evidence was such that the jury might have found that, although the defendant did in fact shoot Pasquale Alloca, he did so with intent to kill one Giovanni Alloca, and the appeal calls in question the ruling of the trial court to the effect that:

"If the defendant intended to kill the brother (Giovanni), but struck the complaining witness (Pasquale) with the intention of killing his brother Giovanni, it would be assault in the first degree as charged in the indictment."

[2] This the defendant claims to be erroneous for two reasons: First, because it authorizes a conviction for a crime not charged in the indictment; and, second, because it authorizes the jury to dispense with the element of intent made necessary by the statute under which the indictment is drawn. These two grounds of objection to the judgment (which are in effect identical) are argued with much force and plausibility; the insistence being that a charge of intent to kill Pasquale cannot be sustained by evidence showing an intent to kill another, in this case Giovanni. Support for these objections is sought to be found in Hollywood v. People, *42 N. Y. 55, wherein the Court of Appeals held (in 1866) that a charge of assault upon Mrs. Bailey with intent to kill her was not sustained by proof that the defendant shot at Mr. Bailey intending to kill him only, but accidentally hit Mrs. Bailey. This of course would be a controlling authority, if the same statutory definition of the crime now prevailed, which did prevail in 1866. The same statutory definition does not, however, prevail, and the present definition is far broader and more comprehensive. The Hollywood Case arose under the Revised Statutes, which were then in force, and thus defined the crime with which Hollywood was charged:

"Every person who shall be convicted of shooting at another, or of attempting to discharge any kind of fire arms, or any air-gun, at another, or of any assault and battery upon another, by means of any deadly weapon, or by such other means or force, as was likely to produce death; with the intent to kill, maim, ravish or rob *such other* person, or in the attempt to commit any burglary, larceny or other felony, or in resisting the execution of any legal process; shall be punished by imprisonment in a state prison for a term not more than ten years." Rev. St. pt. 4, tit. 3, c. 1, art. 2, § 36 (2 R. S. 665).

The crime for which the present defendant was convicted is thus defined by the penal law:

"A person who, with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of *another:* (1) Assaults another with a loaded firearm, or any other deadly weapon, or by any other means or force likely to produce death; or (2) administers, etc., poison, etc.; is guilty of assault in the first degree." Penal Code, § 217 (Penal Law [Consol. Laws 1909, c. 40] § 240).

The distinction between the two statutes is obvious when their terms are compared. The crime as defined by the Revised Statutes consisted of an assault upon a person with intent to kill, maim, ravish, or rob the person assaulted, while the crime defined by the penal law

consists of an assault upon a person with intent to kill any human being or to commit a felony upon the person assaulted or another person. The elements of the crime are (1) an assault and (2) an intent to kill, and it is immaterial whether the intention is to kill the person assaulted or another. It is therefore manifest, and this appears to be conceded by the defendant, that the ruling excepted to would have been unassailable if the indictment had charged, as it might well have done, that the defendant shot Pasquale with intent to kill Giovanni. At the most, even if the evidence showed the intent to kill Giovanni and not Pasquale, there was presented nothing more than a variance between the charge and the proof, which could in no wise have prejudiced the defense. To such a case section 281, Code Cr. Proc. directly applies. It says:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured, is not material."

The indictment as it stands undoubtedly describes the defendant's "act" in shooting with "sufficient certainty" to "identify it" within the meaning of the section above quoted. It specifies accurately the time, place, and weapon used and the name of the person assaulted. If there was a variance between the indictment and the proof, it consisted only in an erroneous description of the person whom the defendant intended to kill. This was such a variance as might have been summarily cured by amendment upon the trial. Code Cr. Proc. §§ 293–295. It is true that no amendment was in fact made; but that fact is unimportant. By section 542 of the Code of Criminal Procedure it is made the duty of the appellate court to give judgment without regard to technical error or defects not affecting the substantial rights of the parties. The error, if it was one, in misdescribing the person against whom the defendant entertained the deadly intent, was such an error as is contemplated by section 542, and, as it might have been cured by a summary amendment of the indictment, the failure to make such amendment in no manner prejudiced the defendant, and may well be disregarded. People v. Coombs, 36 App. Div. 284–289, 55 N. Y. Supp. 276, affirmed 158 N. Y. 532, 53 N. E. 527; People v. Formosa, 131 N. Y. 478–481, 30 N. E. 492, 27 Am. St. Rep. 612.

It follows that the judgment of conviction must be affirmed. All concur.