# STATE v. ABE JANKOWITZ, ALSO KNOWN AS ABE LEWIS.[1]

October 19, 1928.

No. 26,886.

**Conviction for assault in second degree sustained. .**

Under a statute making an assault "with intent to commit a felony" an assault in the second degree, it is sufficient if the intended "felony" is involved in the offender's conduct in his relation toward some person or persons other than the one actually assaulted.

Assault and Battery, 5 C. J. § 216 p. 739 n. 15.

See note in 7 L.R.A.(N.S.) 630.

Convicted of assault in the second degree, defendant appealed from an order of the district court for Hennepin county, Reed, J. denying his motion for a new trial. Affirmed.

*William M. Nash* and *Chester L. Nichols,* for appellant.

*G. A. Youngquist,* Attorney General, *Floyd B. Olson,* County Attorney, and *William C. Larson,* Assistant County Attorney, for the state.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial.

The important question presented by the record is whether the statute, G. S. 1923, § 10098, providing that a person is guilty of assault in the second degree when he "shall assault another with intent to commit a felony," means that the felony must be an essential ingredient of the attack upon the person assaulted. The appellant's position might be construed as saying, "Yes, I shot the woman but you cannot convict me because I intended to shoot her husband only." Some authorities support appellant's contention. See State v. Mulhall, 199 Mo. 202, 97 S. W. 583, 7 L.R.A.(N.S.) 630,

[1]Reported in 221 N. W. 533.

8 Ann. Cas. 781; State v. Williamson, 203 Mo. 591, 102 S. W. 519, 120 A. S. R. 678.

In this case a woman was assaulted by being shot in the leg when the defendant claims he was shooting at the husband only. The evidence shows that he was attempting to commit a felony upon the husband and perhaps upon the wife.

General malice or general unlawful intent to commit harm is sufficient without particular malice or intent against the person injured or assaulted. It must be the law that if a man, in attempting to carry out an unlawful and malicious intent against another, injures a third person, he is guilty of what the law deems malice against the person injured because the offender is doing an unlawful act and has general malice which extends to and permeates every individual contact. Malice is here used in the common law sense, namely, a person is deemed malicious when he does an act intending to injure another. We construe the statute as meaning that the felony intended is not that which may necessarily be involved in the offender's conduct toward the person assaulted but that it is enough if such intended felony is involved in the offender's conduct in relation to some other person or persons. This construction finds support in reason, principle and policy. It is consistent with the common law and is sustained by ample authority. Rex v. Hunt, 1 Moody's Crown Cases, 93; The Queen v. Latimer, 17 Q. B. Div. 359; The Queen v. Lynch, 1 Cox C. C. 361; People v. Kalunki, 123 Mich. 110, 81 N. W. 923; Dunaway v. People, 110 Ill. 333, 51 Am. R. 686; People v. Castaldo, 146 App. Div. 767, 131 N. Y. S. 545; Walker v. State, 8 Ind. 290; People v. Wells, 145 Cal. 138, 78 P. 470; State v. Myers, 19 Iowa, 517; Caperton v. Commonwealth, 189 Ky. 652, 225 S. W. 481; State v. Gilman, 69 Me. 163, 31 Am. R. 257; State v. Gallagher, 83 N. J. L. 321, 85 A. 207.

The intent by operation of law is transferred from the person intended to the person assaulted. It is the wicked and vicious state of mind with which the offender acts and not the measure of his success in crime that controls. In the instant case defendant could only defend his right to shoot the woman upon the ground

that he had the right to shoot her husband and in attempting so to do accidentally shot the woman. Upon this theory the jury has found against him.

It is claimed that the county attorney was guilty of misconduct because of language used in his argument to the jury. We have examined the record with care and, not finding any merit in this claim, we see no necessity of an extended discussion thereof.

Affirmed.