99 N.J. Super. 534 (1968)
240 A.2d 680
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTHUR HUMPHREYS a/k/a ROBERT A. THOMPSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1968.
Decided March 14, 1968.
*535 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Michael Blacker, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Lawrence S. Schwartz, Assistant County Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
PER CURIAM.
The Essex County grand jury returned two indictments, respectively charging defendant with (1) robbing Dinetz, Jackson, Lott, Littlejohn and Brice of various sums and jewelry while armed, and (2) atrocious assault and battery on Dinetz (first count) and Marceline Walker (second count). He was tried to a jury and found guilty of the armed robbery charge and also of atrocious assault and battery on Marceline, the trial judge having dismissed the first count of the second indictment charging atrocious assault and battery on Dinetz. Defendant was sentenced to serve a total of 9-13 years on the first indictment, and 2-3 years on the second, to run concurrently with the first.
Defendant did not testify, nor did he produce any witnesses in his behalf.
On this appeal defendant first claims that it was plain error (R.R. 1:5-1; 2:5) for the trial judge not to dismiss *536 the charge of atrocious assault and battery on Marceline (a baby). The incident happened in the course of a tavern holdup. After herding those who were in the bar into the men's room and taking their possessions, defendant ordered the baby's mother to leave the child with the tavern owner, Dinetz. He then directed Dinetz to go into the back room where there was a safe containing money just brought from the bank. Dinetz, still holding the baby, opened the safe and, while he was emptying its contents into a canvas sack defendant presented to him, was shot and wounded by defendant. The bullet also wounded the baby.
Defendant's argument is that in order to be convicted of atrocious assault and battery on the baby the State had to prove intent, and since his only intent was to shoot Dinetz, that intent could not be "transferred" to the baby. The argument is frivolous. In State v. Gallagher, 83 N.J.L. 321 (Sup. Ct. 1912), a factually analogous case, the court, in dealing with a similar contention by defendant Gallagher, said that the argument failed to recognize the fundamental character of a general principle of the common law:
"* * * That principle is that the intent with which a criminal act is done determines the legal character of its consequences. This doctrine, by its very terms applies to cases where the consequences of the criminal act differ from those intended by the criminal, and it is common knowledge that this doctrine has its chief application in cases where such consequences have operated upon a different person from that intended. * * *" (at page 323)
The trial judge so charged the jury. See, also, State v. Treficante, 106 N.J.L. 344, 353 (E. & A. 1929); State v. Bectsa, 71 N.J.L. 322, 326 (E. & A. 1904).
Defendant's only other contention is that the armed robbery indictment should have been dismissed because the State failed to prove every allegation contained therein. Specifically, the point made is that although five individuals were named as victims of the armed robbery, one of them, Littlejohn, did not testify and there was no evidence he was *537 robbed by defendant. Accordingly, so runs the argument, the whole indictment had to fall.
Littlejohn had been subpoenaed and had appeared in court the day before the State completed its case. He had been instructed to appear the following day, and when he did not, every effort to determine his whereabouts proved futile.
The fact remains that every element of the offense charged in the armed robbery indictment was proved by every complaining witness named therein except Littlejohn. We do not consider his failure to testify as creating a material variance between the offense charged and the proofs, sufficient to reverse the conviction. The trial judge's charge made no reference to Littlejohn, and had the defense desired a specific instruction with regard to him, it should have requested it. There was no objection to the charge.
We observe, in passing, that the efficacy of the indictment would have better been served by listing the offense against each victim in a separate count. R.R. 3:4-7.
In light of the fact that four of the five victims testified, each definitely identifying defendant, and since only one sentence was imposed for the multiple robberies, we fail to see how defendant was prejudiced. Accordingly, we affirm.