(No. 39152.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FLOYD RUE, Plaintiff in Error.

*Opinion filed September 23, 1966.*

EARL R. ANDERSON, of Paris, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The grand jury of Edgar County returned three indictments against Floyd Rue and Harold Rigdon. One indictment charged that by force and threat of force they attempted to compel Leslie Kelso to perform an act of deviate sexual conduct; another charged them with robbing Leslie Kelso, and the third charged them with aggravated battery upon Leslie Kelso. The defendant Rue was tried separately on the charge of aggravated battery. A jury found him guilty, and he was sentenced to imprisonment for not less than two nor more than five years. Thereafter, he withdrew his pleas of not guilty to the other two indictments and pleaded guilty to each of them. On the charge of attempted deviate sexual conduct he was sentenced to imprisonment for a term of not less than five nor more than ten years, and on the robbery charge he was sentenced to a term of not less than three nor more than ten years. The three sentences were to be served consecutively. By writ of error the defendant Rue has brought all three judgments before this court for review and he raises constitutional issues concerning each judgment.

His first contention is that statements that he made after his arrest were admitted into evidence at his trial in violation of his constitutional rights. All three indictments were based upon events that occurred during the early morning hours of June 14, 1963. At 3:30 A.M. on that date the defendant was arrested and taken to the city police station where he was questioned by police officers and the State's Attorney. One of the statements was made at that time. The other was made at his preliminary hearing before a police magistrate on June 21, 1963, seven days after his arrest. It is not suggested that there was any ill-treatment or improper conduct by the police, or that the defendant's will was "overborne." (Cf. Davis v. North Carolina, 384 U.S. 737, 16 L. Ed. 2d 895.) The record does not show,

however, that on either occasion the defendant was advised of his right to remain silent or to have the advice of counsel.

The defendant relies heavily on *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, and we withheld our decision in this case pending clarification by the Supreme Court of the United States as to the reach of that case. In *Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 892, the court held that the holding in *Escobedo* "is available only to persons whose trials began after June 22, 1964, the date on which Escobedo was decided." The court also held prospective its decision of June 13, 1966, in *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, which clarified and expanded the standards suggested in *Escobedo.* (See *People* v. *McGuire, ante.,* p. 219.) The proceedings in the present case took place before the dates of the decisions in *Escobedo* and *Miranda* and those cases are not applicable. We see no objection therefore to the admissibility of the first statement of the defendant which was given in the police station immediately after his arrest.

The second statement, which was made at the defendant's preliminary hearing a week after his arrest, presents a different problem. The statement then made was elicited from the defendant by questions put to him by the State's Attorney. The admissibility of this statement is governed by our decision in *People* v. *Jackson,* 23 Ill.2d 263, decided in November of 1961. There the court drew a distinction between an extrajudicial admission and one elicited in the course of a judicial proceeding. The court quoted the opinion of Judge Wiley Rutledge in the Court of Appeals for the District of Columbia in *Wood* v. *United States,* (D.C. cir.) 128 F.2d 265, 278: "* * * when, as here, the accused is without counsel and it does not appear clearly that he knows his rights and intends to waive them, the 'plea' or its substantial equivalent, made without warning or advice, can not be received in evidence against him. Any other rule would make of the hearing a trap and an inquisition, with

consequences for the accused and for the judicial system not tolerable under the Constitution."

Our opinion in the *Jackson* case continued: "We think that the views expressed in the *Wood* case are the only ones compatible with the constitutional protection intended, and hold that where an accused is unattended by counsel and does not become a witness of his own volition, a judicial confession made at a preliminary hearing may not be properly introduced into evidence at the subsequent trial, unless the proof affirmatively shows (1) that the accused had independent knowledge or was advised by the court of his right to refuse to testify; (2) that he was advised or knew that any statements made could be used against him, and (3) that he knowingly and intelligently waived his constitutional privilege against self-incrimination." (23 Ill.2d at 268.) The record in this case does not show that any of the three requirements laid down in the *Jackson* case was met in the case before us.

In the *Jackson* case a lengthy extrajudicial confession, the reliability of which had been questioned at the trial, was also before the jury, and the court went on to consider whether the erroneous admission of the judicial confession was so prejudicial as to require reversal. In concluding that the error required reversal, the court said: "Although it is impossible to know what effect, if any, the admission of the judicial confession had on the minds of the jury, the very fact that it was a judicial confession, obtained during a court proceeding clothed with a presumption of dignity, fairness and truth, makes it reasonable to assume that it played a major part in the acceptance of the extrajudicial confession, in the ultimate determination of guilt, and in the punishment selected." (23 Ill.2d at 269.) While in the case before us there is no claim that the extrajudicial statement resulted from police brutality, as there was in the *Jackson* case, the record strongly suggests that the defendant was intoxicated when he made the statement in the

police station. Thus we can not say that the later judicial admission only duplicated the first, without added effect on the jury. It is therefore unnecessary to consider whether the doctrine of harmless error is "impermissible" in this case under the decisions of the Supreme Court of the United States. See, *e.g. Lynumn* v. *Illinois,* 372 U.S. 528, 537, 9 L. Ed. 2d 922; *Payne* v. *Arkansas,* 356 U.S. 560, 568, 2 L. Ed. 2d 975; *Spano* v. *New York,* 360 U.S. 315, 324, 3 L. Ed. 2d 1265; *Haynes* v. *Washington,* 373 U.S. 503, 517-18, 10 L. Ed. 2d 513.

Since there must be a new trial, the only other alleged error that must be considered with respect to the charge of aggravated battery is the defendant's claim that he was held without bond in violation of his constitutional right to bail. (Const. of Ill. 1870, art. II, sec. 7.) The indictments were returned and the defendant was arraigned on July 29, 1963. At that time bail was fixed on all three indictments, but the defendant's copy of the indictment which charged aggravated battery did not indicate the amount of bail that had been set. This mistake was discovered on September 6, 1963, when the defendant appeared in court in connection with this and other matters. At that time it appeared that disagreements had arisen between the defendant and his appointed attorney, who was also the city attorney for the city of Paris, where the alleged offenses took place. The defendant was clearly advised by the court that he had the right to be released on bail on the aggravated assault charge as well as upon the other charges, and a new attorney was appointed to represent him. The error in failing to endorse the amount of bail upon the defendant's copy of the indictment was unfortunate, but it did not prejudice the defendant in his preparation for trial and it was corrected as soon as it was brought to the attention of the authorities.

The jury returned its verdict of guilty upon the indictment charging aggravated battery on October 1, 1963, and the defendant was sentenced on that charge on October 3,

240

1963. Against the advice of his attorney, he requested leave to withdraw his pleas of not guilty to the other two indictments and to enter pleas of guilty. Concerning the charge of deviate sexual assault he said: "I was found guilty of aggravated battery, which all this was bearing on that case, (sic) and if I am guilty of this aggravated battery then I am guilty of all of the other things." And as to the robbery charge he stated that the charge of aggravated battery upon which he had been found guilty "pertained to this charge." It is clear that the defendant regarded the three charges as interrelated, as indeed they were. He pleaded guilty to the other charges because he had been found guilty of aggravated battery. He was not advised that consecutive sentences could be imposed upon each charge. Since his conviction on the charge of aggravated battery must be reversed, we are of the opinion that the ends of justice require that his subsequent pleas of guilty to the other charges also be set aside.

The judgments of the circuit court of Edgar County are reversed, and the causes are remanded to that court.

*Reversed and remanded.*