The People of the State of Illinois, Plaintiff-Appellee, v. Wendell Carter (Impleaded), Defendant-Appellant.

Gen. No. 68–129.

Second District.

March 28, 1969.

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney of Winnebago County, of Rockford, and John C. Tower, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from judgment of conviction of Aggravated Kidnapping, entered upon his plea of guilty, and sentence of 10 to 25 years in the penitentiary.

Together with three other persons, defendant had been indicted for the offenses of rape and aggravated kidnapping in two counts. On arraignment, pleas of not guilty were entered to both counts. Thereafter, the plea of not guilty was withdrawn as to the second count of the in-

dictment charging aggravated kidnapping, and a plea of guilty was entered in this count. (The first count charging rape was subsequently nolle prossed.)

Defendant contends that the trial court accepted the plea of guilty without adequately explaining to the defendant the nature of the charge and the consequences thereof; that the court improperly considered arrests rather than convictions in the hearing on probation and in aggravation and mitigation; that in giving identical sentences to all defendants the court did not exercise its discretion; finally, that the punishment was excessive.

Defendant contends that the admonishment by the court failed to comply with the requirements set forth in Ill Rev Stats 1967, c 38, § 113–4(c) and Supreme Court Rule 401(b) (Ill Rev Stats 1967, c 110A, § 401). The pertinent part of the statute requires the court, before accepting the plea of guilty, to "have fully explained to the defendant the consequences of such plea and the maximum penalty provided by law . . . ." The implementing Rule provides, in pertinent part, that the court shall not permit a plea of guilty to a felony "unless the court finds from the proceedings had in open court at the time . . . plea of guilty entered . . . that the accused understands . . . the nature of the charge against him, and the consequences thereof . . . ."

Prior to the admonishment, the record discloses that defendants' attorney had advised the court that the defendants wished to plead to the second count of the indictment. To which the court said, "aggravated kidnapping?", and counsel answered, "Yes."

The court then advised the defendant of the right to trial by jury, the right to confront witnesses, and the right to trial before the judge alone. The court continued:

> "And on your plea of guilty the Court might sentence you to the penitentiary for a period of years not less than one or a maximum number of years to be

fixed by the Court, or any combination of years not less than the minimum set by the Court and the maximum set by the Court, within the one to the indeterminate number of years fixed by the Court."

Before accepting the plea from the defendant, the court inquired, "Is there anything about it you don't understand?" To which the defendant answered, "No, sir."

When the petition for probation was filed a colloquy occurred in which the court raised the question of whether aggravated kidnapping was an offense upon which probation could be granted, and counsel advised that it was but that rape was not.

We find no reversible error in the court's admonishment of the defendant.

We note that the defendant does not claim he did not understand the nature of the charge to which he pleaded guilty, but takes the position that it is error for the court not to have more fully explained the offense charged.

■ ■ However, the defendant was advised of the "nature of the charge" by the court's statement that the plea was to "aggravated kidnapping." The Rule does not require that the court state all of the acts which constitute the offense, but that it give its "essence, general character, kind or sort." People v. Harden, 78 Ill App2d 431, 444, 222 NE2d 693 (1966) (adopted by reference in People v. Harden, 38 Ill2d 559, 563, 232 NE2d 725 (1967)). See also, People v. Doyle, 20 Ill2d 163, 166–7, 169 NE2d 250 (1960).

On this record we distinguish People v. Washington, 5 Ill2d 58, 61, 124 NE2d 890 (1955), and People v. Culbert, 69 Ill App2d 162, 166, 215 NE2d 470 (1966), both of which have been cited by the defendant. In Washington, the nature of the crime was not mentioned and the trial court made reference only to certain counts of the indictment. In Culbert, there was no statement of the offense on acceptance of the plea of guilty.

█ The defendant was also adequately advised of the consequences of his plea. It is conceded that the trial court was in error in stating that the minimum term was one year rather than two years. However, the trial court correctly advised the defendant as to the maximum penalty provided by law in accordance with section 113-4 of chapter 38 (supra) and having been given a minimum sentence of ten years, the defendant was not prejudiced by the misstatement of the minimum term. People v. Kontopoulos, 26 Ill2d 388, 390, 391, 186 NE2d 312 (1962).

█ Defendant claims reversible error in the procedure followed by the trial court in the hearing on the motion for probation and in aggravation and mitigation. It is argued that the court made its decision to deny probation partially on the basis of prior arrests rather than upon convictions and, likewise, was thereby improperly influenced in determining the sentence.

A probation report had been introduced which referred to the fact that defendant had been "arrested" on seven previous occasions for misdemeanor offenses. The State's Attorney referred to arrests of the defendant without objection by hired defense counsel. Defense counsel also referred to arrests in his questioning of defendants as to their prior criminal records. The reports and references as to a codefendant, who was on probation for armed robbery, were likewise to arrests without mention of conviction.

It seems clear in the context of the entire record that all of the parties were intending to refer to convictions rather than arrests. The trial judge, at the time he denied probation and also at the time of the passing sentence, made no reference to the previous record of the defendants, so that we cannot speculate as to what part this played in the court's decision, but we can conceive of no prejudice to the defendant in view of the vicious nature of the crime and the substantial basis for a severe sentence. While we do not approve of the pro-

cedure, we find no prejudice to the defendant sufficient to constitute reversible error. See People v. Riley, 376 Ill 364, 372, 373, 33 NE2d 872 (1941) ; People v. Adkins, 41 Ill2d 297, 299–301, 242 NE2d 258 (1968).

■ We also find that the remaining contentions of sentencing error are not substantial. The whole record supports the proper exercise of discretion in the trial court in sentencing each of the defendants to a similar term. There was a marked similarity in the background of each of the defendants and in the circumstances of their participation in the offense.

■ Finally, the sentence was not manifestly excessive, in view of the violent nature of the crime. The complaining witness was forcibly taken out into the country where she was criminally assaulted by the four defendants. There were repeated natural and unnatural sexual acts committed over a period of approximately three hours. There was evidence of strong resistance by the complaining witness and evidence of bruises and scratches on a large part of her body, evidence that the hymen appeared lacerated and that there was blood present in the vagina.

There was no abuse of discretion in imposing sentence which would justify a reduction of sentence here under the guidelines set forth in People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673 (1965).

We, therefore, affirm.

Affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.