THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE M. HREBENAR, Defendant-Appellant.

(No. 70-119; ▮▮▮▮▮▮

Third District—January 27, 1971.

John Donald O'Shea, of East Moline, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Lawrence M. Hrebenar was indicted for aggravated battery under terms of ch. 38 of Illinois Revised Statutes, par. 12-4(a). Defendant pleaded guilty to the charge and then was sentenced to a term in the penitentiary of from three to five years. The issue before the Court arises from the circumstance that at the time of the plea of guilty, defendant was advised that the maximum penalty for the offense was five years when in fact the maximum penalty for the offense was specified in the Act as ten years.

The aggravated battery involved in the cause before us occurred while the defendant was in a cell in the Rock Island County Jail. It appears that defendant wrapped an ashtray in a towel and beat a prisoner in the next cell. Defendant at the time was under indictment for two other crimes and the record indicated that there were conversations between defendant's attorney and the Assistant State's Attorney in an effort to work out a plea of guilty to one of the charges in exchange for a recommended sentence by the State and no prosecution on the remaining charge. Defendant's attorney indicated that defendant said he would not resist a higher minimum on the aggravated battery charge.

While defendant and both attorneys were in open court, the trial court asked whether the defendant had been advised of his rights. Defendant's attorney explained that he did in fact advise defendant of his rights and also had advised defendant that he could be sentenced for as much as five years on the aggravated battery charge. The court then suggested that the statute be consulted so that the penalty for aggravated battery would be known accurately. The Assistant State's Attorney then advised that the penalty for aggravated battery is one to five years in the penitentiary. The court then advised the defendant of his rights; that he is presumed to be innocent and is entitled to a trial by jury; and that the attorneys in court have advised that the penalties which might be imposed by virtue of a plea of guilty could extend from one to five years in the penitentiary. Defendant answered that he understood that clearly. He then pleaded guilty and waived a probation hearing and a hearing in aggravation and mitigation and was sentenced, as indicated, to a term of not less than three nor more than five years. Section 12–4(a) of the Criminal Code actually provides for a minimum of one year and a maximum sentence of ten years for such offense.

On appeal in this Court it is contended that since defendant was wrongfully informed that the maximum sentence for the crime to which he

pleaded guilty was five years instead of ten years, the guilty plea should be vacated. Under the terms of Chapter 38 of Illinois Revised Statutes, Section 113–4(c), it is specifically provided that if defendant pleads guilty, such plea shall not be accepted until the court shall have fully explained to the defendant the consequences of such plea, "and the maximum penalty provided by law for the offense which may be imposed by the court." The section thereafter provides that after such explanation, if defendant understandingly persists in his plea, it shall be accepted by the court and recorded. The question before the court is whether the advice that the maximum sentence for his crime was five years rather than ten years constitutes reversible error.

While there is no exact precedent, a number of cases including some cited by defendant have considered the particular section of the Criminal Code in this State. In *People v. Mackey*, 33 Ill.2d 436, 437-8, the defendant who pleaded guilty to rape and armed robbery was simply advised that in each of the cases the court could sentence defendant to a term in the penitentiary "of more than one year". The court felt that this was adequate. In *People v. Landis*, 66 Ill.App.2d 458, a defendant was similarly admonished that a plea of guilty would involve a sentence "to a term in the penitentiary in excess of one year". The court in that case stated that the admonition was insufficient. Likewise, in *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383, the court admonished the defendant that "punishment for burglary is an indeterminate sentence in the penitentiary" and involved not less than one year. The court also indicated that the admonition was inadequate. None of the cases referred to involved a situation such as confronts this Court in the instant case.

A technical application of the statute in the instant case would presumably require that the guilty plea be vacated and the case remanded. We do not believe this is a sound approach to a disposition of the issue before us. The statute under consideration, Chapter 38, par. 113–4(c), was enacted for the protection and benefit of a defendant who was considering entering a plea of guilty. If the statute is not technically complied with, and defendant is not in any way prejudiced by such failure to comply with the technical requirements of the statute, then the failure to comply with the statute should not be the basis for reversal. In the cause before us, the failure to comply strictly with the statute, *i.e.*, to advise defendant of exactly the maximum of ten years rather than five years, did not prejudice defendant in any manner.

In fact, such failure to specify the correct maximum of ten years probably benefited the defendant. It is probable that if the judge had known and been correctly informed of the maximum penalty for aggravated battery at ten years, the trial court might well have sentenced defendant

to a term of from three to six years or three to eight years, which would be a more severe penalty than defendant actually received. It is apparent, at least, that the penalty could not have been more favorable to defendant. The record discloses that the trial court was honestly mistaken when it informed defendant that the maximum penalty was five years. On the basis of the record, defendant could only have benefited from such mistake and such error should not be the basis for reversal. It is true that if the trial court had sentenced defendant to a longer maximum sentence than five years after previously informing him that the maximum was five years, then such sentence would have been in error and we would have reversed such judgment.

There was plea bargaining between the parties and defendant was personally involved in such negotiations. The excerpts from the record indicate that defendant had agreed to a five year maximum sentence. As stated in *People v. Morehead,* 45 Ill.2d 326, 259 N.E.2d 8, it is not the policy of a court on appeal to reverse a judgment of conviction merely because error was committed, unless it appears that real justice has been denied or that the finding of guilty may have resulted from such error.

In *People v. Carter,* 107 Ill.App.2d 474, the court had the same section (ch. 38 par. 113–4(c)) under consideration and found that the section need not be strictly complied with in every situation. In that case defendant pleaded guilty to aggravated kidnapping and the court advised defendant that the minimum sentence for the crime was one year when it was actually two years. Defendant was told of the correct maximum penalty. Defendant in that case was sentenced to a term of 10 to 25 years. The court determined that failure to advise of the correct minimum penalty could not justify reversal.

We note that the defendant in a criminal case is required to be correctly advised of the "maximum" sentence for his crime so that he may be in position to know that he may receive as much as the maximum authorized sentence as the result of a plea of guilty. On the basis of the record in the cause before us, therefore, we conclude that there was no prejudice to the defendant by reason of the honest mistake made by the trial court in incorrectly specifying the true maximum of ten years, as a maximum of five years for the crime under consideration.

This cause will, therefore, be affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.