THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD L. McCRADY, Defendant-Appellant.

(No. 70-66;

Third District—March 3, 1971.

Theodore Gottfried, of Defender Project, of Ottawa, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a conviction based on a plea of guilty to two indictments for burglary against Richard Lee McCrady as a result of which he was sentenced to from five to 20 years on each indictment with the sentences to run concurrently.

From the record it is shown that defendant appeared in open court with his private counsel. Defendant's counsel told the judge that he had discussed the case with defendant and had advised defendant that the State had to prove him guilty beyond a reasonable doubt and that defendant was entitled to a trial with or without a jury if he so desired. The attorney also advised the court, in the presence of defendant, that after knowing all of this, the defendant had decided to plead guilty to 2 out of 3 of the charges of burglary. The attorney then filed a written waiver of jury and plea of guilty form signed by defendant as to 2 of the indictments involving burglary. In this form, defendant pleaded guilty to both charges and waived a jury trial and consented to an immediate hearing and sentencing. The trial judge then asked defendant if he understood all that his attorney had told the judge and him. The court also advised that defendant had a right to a jury trial and that the State had to prove him guilty beyond a reasonable doubt. Defendant stated he understood this. The judge also informed defendant that his sentence could run from one year to life. The trial judge then specifically asked defendant if it was his signature which appeared on the waiver form for each case and defendant acknowledged that he had signed both forms. The judge asked the defendant if any promises or threats had been made to get him to sign and defendant answered, "no". Defendant's attorney on behalf of defendant then waived a hearing in aggravation and mitigation and an assistant State's Attorney told the court that the State intended to dismiss the third charge. In the course of this discussion prior to sentencing, it developed that defendant had a prior record and had served a prison term of two and a half years in Iowa. The following appears from the record:

"THE COURT: How long did he serve?

MR. KELLY: Two and one half years. The only thing * * * I don't want to put on any testimony * * * I would like to point out to the Court he did have a problem and that problem was narcotics use. It would be difficult to prove beyond a reasonable doubt at the time the offenses were committed that he was on narcotics. He has been arrested for being 'high' on narcotics.

THE COURT: It may be the cause * * * the fact that he was a user.

MR. KELLY: Yes.

THE COURT: The sentence follows, doesn't it Mr. Kelly, unfortunately.

MR. KELLY: It does.

THE COURT: I will accept the recommendation and sentence you, Mr. McCrady, not less than five and not more than twenty years in indictment No. 69 Y 1804; and sentence you to a term of not less than five and not more than twenty in indictment No. 69 Y 1805—both sentences to run concurrently. Do you understand?

DEFENDANT: Yes."

The record also discloses that there were three indictments for burglary as against defendant. It was also shown that defendant was arraigned before a magistrate and received copies of the complaint in all three cases, and that he was also arraigned, after his indictment by the grand jury, at which time a record was made that defendant was furnished with a copy of the indictments against him. These indictments contained specific statements to the effect that the named defendant on a certain date "committed the offense of Burglary, in that he, without authority, knowingly entered into a building * * * [describing the name of the owner and location] * * * with intent to commit therein a theft." At the time of his arraignment and prior to any discussion of sentencing, defendant tendered a written waiver of jury and plea of guilty in which he recited that he entered a plea of guilty in the manner and form as charged in the indictment; that he waived a trial by jury and consented to an immediate hearing and consented that the court fix his punishment under his plea in the case. This was done as to both indictments.

On appeal in this Court, defendant contends that it was reversible error for the trial judge to accept a plea of guilty without first inquiring personally of defendant whether or not defendant knew the nature of the charges against him and determining whether or not defendant's conduct was sufficient to constitute the offense charged. It is pointed out that under Illinois Supreme Court Rule 401(b) (1969 Illinois Revised Statutes, ch. 110A, Rule 401(b)) it is provided in part as follows:

"The court shall not permit a plea of guilty * * * unless the court finds from proceedings had in open court at the time [a] plea of guilty is sought to be entered * * * that the accused understands * * * the nature of the charge against him and the consequences thereof if found guilty."

The latter part of the Rule contains the language:

"The inquiries of the court, and the answers of the accused to determine whether he * * * comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case."

No Illinois decision defined exactly what was required under Rule 401(b) until the case of *People v. Mims*, 42 Ill.2d 441, interpreted the Rule in the light of the previous United States Supreme Court decision of *McCarthy v. United States*, 394 U.S. 459. The *McCarthy* case involved a Federal rule which the Illinois Supreme Court in the *Mims* case found was similar to the Illinois Supreme Court Rule 401(b). The *McCarthy* case held in substance that when the trial judge accepts a guilty plea, he should make a personal inquiry of the defendant in order to determine if defendant under-

stands the nature of the charge against him, and if the conduct of defendant shows some factual basis for the guilty plea which defendant wishes to enter. The *McCarthy* case involved an income tax evasion problem. In the *Mims* case the defendant was indicted for murder and although no personal inquiry was made by the trial court of defendant, the reviewing court there stated that the recital of anticipated testimony by the assistant State's Attorney in the presence of defendant and his attorneys, without protest and indeed with acquiescence, demonstrated to the court's satisfaction that defendant's conduct fell within the charge to which he pleaded guilty.

In *People v. Harden*, 78 Ill.App.2d 431, the court was concerned with the definition of the statutory phrase "nature of the charge against him". In that case, the court said, at page 444:

"Considering the language of the Rule, it appears that the noun 'nature' connotes and is synonymous with the words *essence, general character, kind* or *sort*. In such sense the language of the Rule does not call upon the trial court to state to the defendant all of the acts which do or may constitute the offense."

While the court in the instant case did not directly ask defendant if he understood the nature or essence of the charges against him, he referred to the charges by specific number and described them as burglary charges. The court knew at the time that defendant had copies of the indictments. The trial court then made every effort to explain defendant's rights to him.

In *People v. Harden*, 78 Ill.App.2d 431, the court said that the "total record" must be considered in determining if defendant knew the nature of the charge against him. It is pointed out in that case that defendant had been furnished with a copy of the information and the complaint prior to entering his guilty plea. Also, in *People v. Burdick*, 117 Ill.App.2d 314, it was emphasized that the reviewing court can consider the entire record in determining if defendant was properly informed of the nature of the charges against him. That court stated (at page 321):

"It is argued that the nature of the charge against him was not given at the time of accepting the plea. This is admitted; however, it is not fatal in this case. As stated previously, the charge was initially explained to the defendant at his preliminary hearing, he was again apprised of the charge through a copy of the information and, lastly, he was informed of the charge at the time he waived indictment by the grand jury. We feel that the essentials of the rule have been met."

In the cause before us, defendant was given a copy of the complaints and the indictments before he appeared with his counsel to make his guilty plea which was in writing and referred to the indictments. The trial judge, in talking to defendant in open court, referred to the fact that

defendant was charged with burglary and read off the numbers of the indictments which had previously been furnished to the defendant.

In *People v. Carter*, 107 Ill.App.2d 477, the court held that the defendant was properly informed of the "nature of the charge" merely from a statement by the trial judge that defendant's plea was to "aggravated kidnapping". In the cause before us, defendant was told that his offense was burglary. Defendant's attorney also stated to the court that he had explained to the defendant what his rights were and had advised him of the charges. It is obvious that if the court had told defendant that he was charged with burglary, consisting of entering certain buildings at certain times, without authority, with the intent to commit a 'theft therein, this would have been adequate. Considering all of the record, particularly the fact that defendant had received copies of the complaints and indictments and defendant's previous court experience (*People v. Mace*, 79 Ill.App.2d 422), we are satisfied that the trial judge adequately informed defendant of the nature of the charge against him.

■■ It is argued, however, that the crime of burglary involves proof of a specific intent and that the reference by counsel for defendant to the circumstance that defendant had been a narcotics user, might have raised the implication of lack of such intent and created a different condition so that the court was thereby obligated to pursue the inquiry personally with defendant. While the statement of the attorney may have shown some confusion in the attorney's understanding of the nature of the proof which might have been available to raise a reasonable doubt as to defendant, the statement was made following the acceptance of the plea of guilty and did not, on the basis of the record, raise a question as to whether defendant had been adequately informed of the nature of the charge against him. In discussions prior to sentencing following a plea of guilty, it is customary for counsel for defendant to make whatever statement he feels would be helpful with respect to mitigation, even though he may not desire to present testimony with respect thereto at such time. The plea of guilty of defendant was apparently made knowledgeably on the advice of counsel, and, in view of the dismissal of the third charge, as a result of discussions with the prosecution. We do not believe, on the basis of the precedents, that there was any lack of understanding by defendant of the nature of the charge and we do not believe that the statement by counsel referred to should be made a basis for reversal, on the premise that the trial court should thereupon have made a further or supplementary explanation of the charge to defendant.

■■ On the basis of the entire record, we are satisfied that the trial court ascertained that defendant knew the nature of the offenses charged, since the charges of burglary were repeated specifically to him, and since de-

fendant had received copies of the complaints and indictments which specifically described the nature of the acts constituting the offenses. While a repetition of the language of the indictments by the court would clearly have fulfilled even the most exacting interpretation of Rule 401(b), we do not believe such repetition was indispensably required.

In view of the record in this cause, therefore, we believe that there is no reversible error in the record and that the judgment of the Circuit Court of Rock Island County should be affirmed.

Judgment affirmed.

STOUDER and SCOTT, JJ., concur.