THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT W. TRENTER, Defendant-Appellant.

(No. 71-147;

Second District—February 14, 1972.

Ralph Reubner, of Defender Project, of Elgin, for appellant.

Albert N. Kennedy, State's Attorney, of Dixon, for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Albert W. Trenter, the defendant, pleaded guilty to a criminal complaint charging him with burglary. The plea was accepted by the court pursuant to a negotiated plea and the defendant was sentenced to 1-2 years in the penitentiary.

The 57 year old defendant now challenges his waiver of indictment and his plea, claiming that he was improperly admonished under Supreme Court Rules 401, 402. Ill. Rev. Stat. 1969, ch. 110A, pars. 401, 402.

During the arraignment on January 13, 1971, the court advised defendant that he could "wait until the Grand Jury meets," or proceed under the complaint. The defendant answered that he had discussed the matter with the Public Defender, would proceed on the complaint, and had signed a written waiver. The court then advised:

"Mr. Trenter do you understand the penalty for burglary you may be sentenced for any period of time to life in the penitentiary?

Defendant: I didn't know it.

The Court: You know it now.

Defendant: Yes."

The court then explained the right to a jury trial, which defendant said he understood. In answer to the court's inquiries the defendant said that he had a 7th grade education, could read, write and could understand what he signed. Defendant signed a written waiver of jury trial.

■■ Defendant relies upon the precise wording of Supreme Court Rule 401(b) to argue that the court did not admonish him as to the minimum and maximum terms. He similarly argues that the State's Attorney did not expressly concur in the waiver of the indictment. Neither argument is persuasive here. The statute was not technically complied with, but it is clear that the defendant was informed of very severe consequences which could result from this plea. This amounted to substantial compliance with the statute and defendant was not prejudiced by the inexact admonishment. We do not find a basis for reversal in this issue. See

*People v. Kontopoulos* (1962), 26 Ill.2d 388, 390; *People v. Carter* (1969), 107 Ill.App.2d 474, 478; *People v. Hrebenar* (1971), (Ill.App.3d), 266 N.E.2d 733, 734, 735.

After the waiver of indictment, defendant indicated that he wished to enter into a plea discussion. After the conference, and later in the day of the arraignment, the court was advised by counsel that the State had agreed to recommend a 1-2 year sentence and that defendant had concurred. After being assured by the defendant that he was satisfied with the agreement, the court stated its concurrence. After a colloquy with the defendant in which the court indicated that he had reviewed defendant's previous record, consisting mostly of going to jail for drinking, and finding that defendant persisted in the plea, the judge accepted defendant's plea of guilty.

Defendant now claims error in the court's failure to admonish defendant so as to determine whether he understood the nature of the charge. The defendant also claims that the court should have informed defendant of the minimum and maximum sentence, the right to a jury trial, the right to plead not guilty, and should have determined the factual basis of the plea before accepting it after the plea discussion.

■■■ We have previously held that the admonishment set forth in Supreme Court Rule 402 need not be repeated if the arraignment is temporarily interrupted. (*People v. Jacobs* (1971), (Ill.App.3d), 267 N.E.2d 519, 522.) At the arraignment begun on the same date as the taking of the plea, the court clearly admonished defendant and inquired whether he understood the right to a jury trial and the defendant was given the right to plead not guilty and to withdraw his plea even after plea negotiations were concurred in by the court. The sentence was stated as we have previously indicated. The statement of the nature of the charge as "burglary" is sufficient. See *People v. Carter*, 107 Ill.App.2d 474, at 477, *supra; People v. McCrady* (1971), (Ill.App.3d), 267 N.E.2d 515, 519.

■■ Defendant further claims that Rule 402(c) requires that a determination of the factual basis for the plea be entered of record and that the failure in this regard is reversible error. The Committee Comments (S.H.A., ch. 110A, par. 402) state that "no particular kind of inquiry is required * * *" and that the court may satisfy itself by "* * * means which seem best." Here, there had been a preliminary hearing earlier on the day of the arraignment which resulted in a bind over to the grand jury for probable cause on evidence adduced by the state and the defendant. The court advised the defendant before the plea negotiations that the facts relative to the charge would be discussed; and after the negotiations, showed an awareness of the facts of the crime by noting

that no one was hurt in the burglary. The defendant expressed his desire to enter the plea without equivocation. We think that the record sufficiently shows that the court determined the factual basis for the plea. See *People v. Mims* (1969), 42 Ill.2d 441, 444.

Defendant does not claim that he did not understand the admonishment. Although we do not commend the record made here, we find that it shows a substantial compliance with Supreme Court Rule 402. On the whole record we find that defendant was fairly dealt with and we therefore affirm the judgment below.

Judgment affirmed.

GUILD and MORAN, JJ., concur.