THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE WARSHIP, JR., Defendant-Appellant.

(No. 71-215;

Second District—July 14, 1972.

T. MORAN, J., concurring in part and dissenting in part.

Ralph Ruebner, of Defender Project, of Elgin, (Matthew J. Moran, of counsel,) for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Eddie Warship, Jr., was indicted on August 10, 1970, by a Lake County grand jury for the offense of burglary "* * * in that he, knowingly and without authority entered a building located at 303 Tenth Street, Waukegan, Illinois, and owned and occupied by

Kutzler Motors, Inc., an Illinois corporation, with intent to commit therein a theft, in violation of Section 19—1, Chapter 38, Illinois Revised Statutes of 1969  *  *  *."

On August 12, the court appointed the public defender to represent Warship and on August 20 he entered his plea of not guilty to the charges in the indictment. On September 28, the day set for trial, the defendant withdrew his previous plea and, in its stead, entered a plea of guilty. Although no written petition appears in the record, the defendant apparently asked that he be granted probation and the matter was continued for a pre-sentence report and sentencing. On December 10, the case was called up for disposition together with a petition for revocation of probation on earlier convictions of Warship for mob action and aggravated battery. The court considered the matters before it and heard evidence and arguments offered in aggravation and mitigation. At the conclusion of the hearing, the court granted the petition to revoke probation on the earlier charges, denied probation on the burglary conviction and sentenced Warship to a term of 3 to 5 years on each of the other charges and 4 to 20 years for the burglary. All sentences were to run concurrently and served in the penitentiary.

This appeal is based on the contention of the defendant that the trial court failed to follow those standards set forth in Supreme Court Rule 402 (Ill. Rev. Stat., 1969, ch. 110A, sec. 402) and required by the due process clause of the constitution of the United States before accepting his plea of guilty. Specifically, he maintains that the court did not inform him of the nature of the charge against him; the possible consequence of his plea (including the revocation of probation); and did not determine the factual basis for the plea.

Supreme Court Rule 402, adopted June 1, and effective September 1, 1970, was designed, in part, to incorporate the constitutional safeguards enunciated by the United States Supreme Court in regard to pleas of guilty into Illinois practice rules. Sections (a) (b) and (c) of the Rule provide as follows:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea.

(c) Determining Factual Basis for Plea. The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The record shows that Warship was furnished a copy of the indictment and list of witnesses prior to his appearance in court on September 28. On that date, the following exchange took place:

"Mr. Flanigan [the assistant public defender]: I have conferred with my client relative to 70 CF 96, charging Eddie Warship with one count of burglary. The defendant indicated he wishes to withdraw his plea of not guilty and enter a plea of guilty to the offense as charged.

The Court: I understand Mr. Flanigan indicates you want to plead guilty to this charge?

The Defendant: Yes, sir.

The Court: This indictment, without reading it verbatim, says that on the 2nd day of August, 1970, you committed a burglary by going into a house or a building, I guess Kutzler Motors, 308 10th Street, Waukegan, with intent to commit a theft.

You understand if you enter a plea of guilty you are admitting all the crucial parts of that indictment?

The Defendant: Yes, I understand.

The Court: As I recall, I am sure Mr. Flanigan will tell me if I am wrong, the maximum penalty that the court may impose if I enter a plea of guilty is life imprisonment in the penitentiary.

The Defendant: Yes, I understand."

The court went on and admonished the defendant as to his right to trial by jury; the loss of certain civil rights for conviction of a felony; and inquired to learn if the plea was made voluntarily without either threat or promise of favored treatment.

Former Supreme Court Rule 401 (b), the predecessor to the present rule, provided that the court find from proceedings held in open court that an accused "understands the nature of the charge against him." before accepting a plea of guilty. (Ill. Rev. Stat. 1969, ch. 110A, sec. 401 (b).) The cases held that it was not necessary to enumerate each element of the offense to the accused so long as it appeared from the record considered as a whole that the defendant understood the nature of the charge. *People v. McCrady*, 131 Ill.App.2d 836, 267 N.E.2d 515, 519; *People v. Carter*, 107 Ill.App.2d 474, 246 N.E.2d 320, 322; *People v. Harden*, 78 Ill.App.2d 431, 444, 222 N.E.2d 693.

In the *McCrady* case, the trial judge stated only that the defendant was charged with burglary and then read off the numbers of two indictments that had previously been furnished him. The court held that McCrady had been adequately informed of the charges against him "* * * since the charges of burglary were repeated specifically to him, and since defendant had received copies of the complaints and indictments which specifically described the nature of the acts constituting the offenses." *People v. McCrady*, 31 Ill.App.2d 836, 267 N.E.2d 515, 519.

■■ In the instant case, Warship not only had a copy of the indictment but the trial judge did repeat almost all of the essential elements of the crime of which he stood charged. Rule 402 provides that there must be "substantial", not total, compliance with provisions set forth and it is not necessary that the accused by admonished specifically on the record as to each and every consequence of his plea. (*People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30, 32.) We are satisfied, from our review of the entire record, that Warship was both adequately informed of, and that he understood, the nature of the charge against him.

■■ Similarly, we do not feel that the failure to inform the defendant as to the minimum sentence that could be imposed for burglary could be considered reversible error. The Code of Criminal Procedure provides that the defendant be advised only of the maximum penalty that could be imposed before a plea be accepted. (Ill. Rev. Stat. 1969, ch. 38, sec. 113—4(c).) In some cases, the plea was not invalidated even where a defendant was incorrectly advised as to the minimum penalty. (*People v. Trenter*, 3 Ill.App.3d 889, 279 N.E.2d 130; *People v. Hrebenar*, 131 Ill. App.2d 877, 266 N.E.2d 733, 735; *People v. Carter*, 107 Ill.App.2d 474; 246 N.E.2d 320, 323.) The Committee Coments to Rule 402 state that the inclusion of the minimum sentence in the new provision was for the purpose of giving a defendant "* * * a more realistic picture of what might happen to him."

It was disclosed at the hearing in aggravation and mitigation that Warship had previously been sentenced to, and served, a term of 1 to 1½

years in the penitentiary for burglary. Under these circumstances, he certainly possessed a "realistic picture" of the possible punishment and the failure to specifically state the minimum penalty cannot be considered reversible error.

■■ There is no authority, either in the rules or the case law, that an accused be admonished as to the possible effect of a plea of guilty on his probationary status in relation to another case. It is inconceivable to us that any person on probation would be unaware that a subsequent felony conviction would be grounds for revocation and therefore are of the opinion that it is not necessary that an accused be so informed.

■■ Finally, the defendant maintains that the court failed to determine the factual basis for his plea of guilty as required by paragraph (c) of Rule 402. The committee comments point out that "* * * the language of paragraph (c) is based upon the recent revision of Rule 11 of the Federal Rules of Criminal Procedure, and, as is true under the Federal rule, no particular kind of inquiry is specified; the court may satisfy itself by inquiry of the defendant or the attorney for the government, by examination of the presentence report, or by any other means which seem best for the kind of case involved."

The facts disclosed at the hearing on aggravation and mitigation were more than adequate to constitute a basis for the plea entered by the defendant. Although the plea had already been accepted at that time, it was sufficient under the rule to support the plea on which the conviction was entered.

For the reasons stated, the judgment of conviction and sentence will be affirmed.

Judgment affirmed.

GUILD, J., concurs.

Mr. JUSTICE THOMAS J. MORAN concurring in part and dissenting in part:

While previously, pleas of guilty were governed by Section 113—4 (c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, sec. 113—4 (c) and Supreme Court Rule 401 (b) (Ill. Rev. Stat. 1969, ch. 110-A, sec. 401 (b), the plea of guilty entered herein was accepted 28 days after the effective date of Supreme Court Rule 402. (See Ill. Rev Stat. 1971, ch. 110-A, sec. 402.) It is this Rule that must be substantially complied with in the instant case.

I concur that the nature of the charge was adequately explained to the defendant by the trial judge. It is my feeling, however, that Rule 402 was not substantially complied with due to the trial judge's failure to ex-

plain the minimum sentence, together with the possible penalty to which the defendant may have been subjected because of prior convictions or consecutive sentences, and the court's failure in determining a factual basis for the plea.

Prior to acceptance of the plea of guilty to burglary, the trial court knew there was pending before it, a petition to revoke probation (arising out of convictions for mob action and aggravated battery). As a matter of fact, after acceptance of the plea herein, the court combined the hearings on both matters for disposition. In light of these circumstances, it was essential that the court not only explain the minimum sentence that could be imposed, but, more importantly, that it explain the possible penalty because of prior convictions and the probability of consecutive sentences. *People v. Rue* (1966), 35 Ill.2d 234, 240.

Except for *Trenter* (a negotiated plea situation), the authorities relied upon by the majority are all pre-Supreme Court Rule 402. I therefore view them as unpersuasive. The fact that *after* the plea, and during the hearing in aggravation and mitigation, it was found that the defendant had previously served a term of 1-1½ years in the penitentiary adds no validity to their position. See, *People v. Terry* (1969), 44 Ill.2d 38, 40; *People v. Short* (1972), 281 N.E.2d 785, 787.

Finally, the majority again relies upon matters "after the fact" (the hearing in the aggravation and mitigation) to bolster its decision with regard to establishing a factual basis for the plea of guilty. The Rule itself explicitly states that the court should not accept a plea of guilty without *first* determining a factual basis. See, Supreme Court Rule 402 (c). This was not done.

I, therefore, dissent.