THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST HICKMAN, Defendant-Appellant.

(No. 72-29;

Third District—January 3, 1973.

James Geis, of Defender Project, of Ottawa, for appellant.

Jay H. Janssen, Assistant State's Attorney, of Pekin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The Grand Jury of Tazewell County returned a two count indictment against the defendant, Ernest H. Hickman, which charged him with (1) the crime of aggravated battery and (2) the crime of aggravated battery in that he knowingly, without legal justification, committed a battery upon his ex-wife, Gladys Hickman, causing her bodily harm by discharging a deadly weapon, to-wit, a gun, a projectile from which struck the said Gladys Hickman.

Pursuant to certain negotiations between himself, his counsel and the State's Attorney the defendant entered a plea of guilty to Count II of the

indictment and was sentenced to a term of not less than 1 nor more than 5 years in the penitentiary.

The sole issue presented for review by this appeal is whether the trial court complied sufficiently with Supreme Court Rule 402. Chap. 110A, Sec. 402, Ill. Rev. Stat.

The defendant first contends that the trial court did not adequately admonish him as to the nature of the offense for which he was charged. The defendant claims that the court repeatedly referred to Count II of the indictment, to which he entered a plea of guilty, as charging him with the offense of unlawfully discharging a firearm and that the court's order and judgment further only found him guilty of unlawfully discharging a firearm.

An examination of the record fails to support the defendant's contention. Relative to the admonitions given to him as to the nature of the charge against him and his understanding of the same we set forth the following colloquy which ensued during the court proceedings:

"As I previously advised you, the indictment, which is a two-count indictment, charges you with the crime of aggravated battery in Count 1 and Count 2 charges you with the offense of unlawfully discharging a fire arm by which your ex-wife, Gladys Hickman, was struck and injured with a bullet. This is a felony and the penalty provided by law is a minimum of 1 year and maximum of 5 years in the State Institutions * * *.

(a) * * * plea of guilty admits the charges in Count 2 of the indictment and no further proof thereof is required * * * is all of this clear to you? Yes, sir * * *."

The Court: Then from my explanation to you and the information given by your attorney, Mr. Bode, do you fully understand the nature of the crime charged, your right to a trial by jury or by the court, the effect and consequences of a plea of guilty and the maximum and minimum penalty provided by law, and the sentence which the court could impose if your plea of guilty is accepted by the court. Do you understand these things?

Defendant: Yes, sir.

Let the record show that the court now finds from these proceedings that the defendant * * * comprehends and understands the nature of the crime charged against him * * *.

Court: * * * Count 2 charges you with the offense of Unlawfully Discharging a firearm by which your ex-wife, Gladys Hickman, was struck and injured by a bullet. This is a felony * * *.

Let the record further show that the Defendant, with a full

understanding thereof if his plea of guilty is accepted to the crime of Unlawfully Discharging a Firearm in the manner and form as charged in count 2 of the indictment."

■■ For the defendant to argue in this appeal that he was not informed and did not understand the nature of the charge against him is to present an argument that is in direct conflict with the record. Our reviewing courts have consistently held that in order to fulfill the requirements of Supreme Court Rule 402, it is not necessary to enumerate to the accused each element of the offense with which he is charged, as long as the record considered in its entirety discloses that he understood the nature of the charge. (See *People v. McCrady*, 131 Ill.App.2d 836, 267 N.E.2d 515; *People v. Carter*, 107 Ill.App.2d 474, 246 N.E.2d 320; *People v. Harden*, 78 Ill.App.2d 431, 222 N.E.2d 693.) The decisions interpreting the requirements of Supreme Court Rule 402 are not completely harmonious, however, it is becoming well settled that "substantial" compliance rather than "total" compliance with the requirements is adequate in absence of any actual prejudice to the defendant. *People v. Burt*, 5 Ill. App.3d 333, 282 N.E.2d 221; *People v. Warship*, 6 Ill.App.3d 461, 285 N.E.2d 224; *People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30; *People v. Garcia*, 8 Ill.App.3d 542, 289 N.E.2d 637.

■■ The advice and information given to a defendant must be read in a practical and realistic manner, and when we do so in the instant case it clearly refutes the defendant's claim that he was not fully informed of the charge against him and further it can only be concluded that he understood the nature of the charge. We therefore find that the requirements of Supreme Court Rule 402 in this regard were fulfilled.

■■ The defendant also urges that reversible error was committed when a requirement of Supreme Court Rule 402 was not met in that the trial court failed to advise him prior to accepting his plea of guilty, whether it concurred or refused to concur in the plea negotiations which had ensued. Again we deem it necessary to set forth the colloquy on this subject which appears in the record:

"Mr. Oltman: Yes, your Honor, the negotiations that we have agreed upon is a plea of guilty to Count 2 in return for which we would recommend a sentence of not less than 1 or more than 5 years in the Illinois State Penitentiary. Also, the People will dismiss count 1 of the indictment.

The Court: Mr. Bode, is that your understanding?

Mr. Bode: Yes, sir.

The Court: Is this your understanding, Mr. Hickman?

The Defendant: Yes.

The Court: That is count 1 will be dismissed against you, which

is the most serious count, and you will be sentenced under the lesser count which is count 2. You are willing to accept these recommendations, are you?

The Defendant: Yes."

After the discussion between the court, the prosecution, counsel for defendant and the defendant, a sentence identical with that agreed upon was imposed upon the defendant. That the trial court failed to specifically state in open court its concurrence or non-concurrence as to the negotiated plea is unquestioned. Such an omission is clearly present, but is it one that is so prejudicial as to require a reversal? We believe not, for a realistic analysis of the court's action clearly establishes the fact that the trial judge ascertained that plea negotiations had taken place, and was advised by the prosecution as to the agreed upon sentence. Counsel for the defendant and the defendant both agreed with the prosecution's statement as to the agreed sentence, and the court did in fact sentence the defendant in accordance with the agreement. We believe that under such a state of facts substantial compliance with Supreme Court Rule 402 has been accomplished and that is all that is required. See *People v. Hartman*, 6 Ill.App.3d 543, 285 N.E.2d 600; *People v. Miller*, 2 Ill.App.3d 851, 277 N.E.2d 898.

The defendant supports his contention by reliance upon the case of *People v. Ridley*, 5 Ill.App.3d 680, 284 N.E.2d 37. The instant case is distinguishable, however, in that in *Ridley* the terms of the plea agreement were not stated by the trial court or by counsel at any time in open court and the precise question presented in the case before us, to-wit, whether the court erred in not stating in open court its concurrence or conditional concurrence to the terms of the plea agreement, while recognized in *Ridley*, the court deemed it unnecessary to rule upon it since a reversal was granted on other grounds.

Lastly the defendant claims that there was not a determination by the trial court that a sufficient factual basis existed to support the acceptance of the plea of guilty.

This assertion of the defendant is predicated upon two theories. The first is best illustrated by amplifying the factual situation which resulted in the indictment to which he pled guilty. After his apprehension by the police the defendant made a written confession wherein he stated that he went to the home of his ex-wife, Gladys Hickman, with the intention of shooting his brother who was living with her. As he fired a gun at his brother, Gladys Hickman stepped into the line of fire and was wounded.

The gist of the defendant's theory is that he pled guilty to the crime of aggravated battery which is defined as an act which must either be "intentional" or "knowingly." (See Chap. 38, Sec. 4—5, Ill. Rev. Stat.,

and also Chap. 38, Sec. 12 (3), 12 (4), Ill. Rev. Stat.). The defendant refers to the shooting of the victim as an accident and one where the requisite intent is not present, nor did he know that he was going to harm his ex-wife.

With this theory of the defendant we cannot agree. This court recently issued an opinion in the case of *People v. White,* 8 Ill.App.3d 574, 290 N.E.2d 337, wherein it was noted that the doctrine of transferred intent in criminal cases has been established for hundreds of years by the old English case of *Reg. v. Sauders,* 2 Plowd. 473, 75 Eng. Reprint 706 (1576), 18 A.L.R. 923, in which the court pointed out that if a man maliciously shoots an arrow at another man with intent to kill him and a person to whom he bore no malice is killed by it, this would be murder for the person who shot the arrow with intent to kill, and is the same offense as to such person as if he had killed the person he aimed at.

■■ One who does an unlawful act is liable for the consequences even though they may not have been intended. Thus where one in the commission of a wrongful act commits another wrong not meant by him, or where in the execution of an intent to do wrong, an unintended act resulting in a wrong ensued as a natural and probable consequence, the one acting with wrongful intent is responsible for the unintended wrong. See Am.Jur.2d Vol. 21, Criminal Law, Sec. 83, page 84.

■■ We quarrel not with the defendant's claim that he did not intend to harm Gladys Hickman, however, he did intend to perform an unlawful act, to-wit, kill his brother and therefore that wrongful intent or awareness of the fact that he was going to perform an unlawful act is sufficient to support a charge of aggravated battery even though his acts resulted in an unintended wrong as far as the victim is concerned. (See *State v. Gallagher,* 83 N.J.L. 321, 85 A. 207.) Under the doctrine of transferred intent or what is frequently referred to as the "intent follows the bullet" we cannot agree with the defendant's first theory regarding a failure of a factual basis that would support his plea of guilty.

■■ The second argument proposed by the defendant in support of his claim that there was an insufficient basis for the court's determination of a factual basis for the guilty plea is predicated upon his argument that his statement, police report and weapon constituted the only evidence and as such would not have sustained a charge of aggravated battery had there been a trial.

It should be noted that just prior to the tender of a plea of guilty by the defendant the following colloquy ensued:

> "The Court: In our pre-trial discussion I have had an opportunity to investigate the facts and have seen the confession signed by the

defendant, and I'm sure there is an adequate basis for the charge. Mr. Hickman, do you know of any reason why you should not plead guilty as you have agreed to?

The Defendant: No."

In *People v. Love*, 6 Ill.App.3d 577, 286 N.E.2d 355, the reviewing court stated:

"In determining whether to accept or not accept the plea of guilty to a specific charge which is a negotiated plea, the court is required to assure himself that there is a factual basis for the plea. The determination of whether or not there is a factual basis for a plea is poles apart from a determination of whether or not after a full-blown trial the evidence will sustain a conviction or establish a defense not made or asserted during the proceedings * * *. A plea of guilty voluntarily made precludes the necessity of proof. In the face of the unanimity of agreement between the State's Attorney, the defense counsel and the defendant, we do not believe that any rule requires the trial court to go beyond this plea agreement honestly and fairly entered into."

We subscribe to the court's reasoning in *Love* and in view of the record in his case conclude that no error was committed by the trial court in accepting the defendant's plea of guilty to the charge of aggravated battery.

For the reasons set forth we cannot agree with the defendant that there was a failure by the trial court to comply with the requirements of Supreme Court Rule 402 when his plea of guilty was accepted. The judgment of the circuit court of Tazewell County is therefore affirmed.

Affirmed.

STOUDER, P. J., and DIXON, J., concur.