THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM T. DIXON, Defendant-Appellant.

(No. 59226; ▮▮▮▮▮▮▮▮▮)

First District (1st Division)—March 25, 1974.

*Opinion modified upon denial of rehearing June 17, 1974.*

Paul Bradley, Deputy Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE HALLETT delivered the revised opinion of the court upon denial of the petition for rehearing:

Defendant, William T. Dixon, entered a plea of guilty to two counts of armed robbery, in violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 18—2); he was sentenced to concurrent terms of 10 years to 14 years, the terms further to run concurrently with a sentence previously imposed upon an unrelated attempt armed robbery conviction. (Ill. Rev. Stat. 1969, ch. 38, par. 18—2.) On appeal, he contends: (1) that the trial court failed properly to admonish him upon his plea of guilty consistent with the provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2)); and (2) that the sentences imposed are excessive. We disagree and affirm.

When the case was called for trial, it was brought out that attempts to arrive at a plea bargaining agreement had been fruitless, that such circumstances had been related to defendant by his counsel, and that

defendant nevertheless wished to enter a plea of guilty to the charges. Specific questions directed by the trial court to defendant concerning the nature of the charges and his desire to enter a plea of guilty were answered by defendant clearly and understandingly. The court advised the defendant concerning the terms of sentence which could be imposed upon a plea of guilty, in the following manner:

"THE COURT: As your lawyer has explained to you and as I now tell you, on your plea of guilty to each of the counts you may be sent to the penitentiary for a term of years under the law in effect at the time this offense occurred, it could be any number of years, not less than two and there was no maximum. That is to say it could be two to ten, ten to fifty or fifty to a hundred or any number of years on each of the counts and could be added to one another. Do you understand that?

THE DEFENDANT: Yes, your Honor."

The defendant was further advised that the Unified Code of Corrections had taken effect since the date of the offenses charged and that he could be sentenced under either the former statute or under the new statute in that regard; defendant responded that he was acquainted with the provisions of the new statute, he was admonished with regard to the sentences which could be imposed under the new statute, and he elected to be sentenced under the former statute. The record discloses knowing, voluntary and intelligent responses given by defendant to the court's questions and admonishments, and the court thereupon accepted his plea of guilty. After the factual basis for the plea was entered before the court by stipulation, the court entered judgment upon the finding of guilty.

The hearing in aggravation and mitigation disclosed convictions and lengthy sentences in 1952 for murder and for burglary, and in 1972 for the offense of attempt armed robbery; it was further brought out at that hearing that defendant was 37 years of age, had two children, and had been attending school while incarcerated. The foregoing concurrent sentences imposed by the trial court were made to run concurrently with the sentence imposed upon the 1972 armed robbery conviction, also of 10 years to 14 years and theretofore imposed by the same trial judge. It was further disclosed that defendant had been before the same trial judge in the past, and that he had completed 2 years of college education.

Defendant contends that the trial court failed to advise him consistent with Supreme Court Rule 402(a)(2) that the sentences imposed upon the instant convictions could be made to run consecutively with the sentence imposed upon the 1972 attempt armed robbery conviction.

In *People v. Zatz* (4th Dist. 1973), 13 Ill.App.3d 322, 300 N.E.2d 16,

cited by defendant, the defendant pleaded guilty to five counts of forgery and was given 1 to 5 years on each count, to be served concurrently. The appellate court there reversed and remanded with directions to permit the defendant to plead anew on the ground that he had not been informed by the trial court of the possibility of consecutive sentences (which did not materialize). We can perceive no possible way in which the defendant in *Zatz* was prejudiced by the court's failure to inform him of something which failed to materialize. Likewise, in the case at bar, the defendant's sentences were ordered to run concurrently with that given the defendant in 1972. Hence he was in no way prejudiced by the trial court's failure to warn him of a possibility which did not eventualize. ■■ The cases are legion that error which does not prejudice a defendant is not ground for reversal.

A more realistic precedent than *Zatz* appears in *People v. Hickman* (3d Dist. 1973), 9 Ill.App.3d 39, 291 N.E.2d 523. Rule 402(d) provides that a judge shall state in open court whether he concurs conditionally or otherwise with a plea agreement. In *Hickman*, the judge was informed by the parties of the agreement, but he failed to state whether he concurred; but he did sentence the defendant pursuant to the agreement. The court at page 43, said:

> "That the trial court failed to specifically state in open court its concurrence or non-concurrence as to the negotiated plea is unquestioned. Such an omission is clearly present, but is it one that is so prejudicial as to require a reversal? We believe not, for a realistic analysis of the court's action clearly establishes the fact that the trial judge ascertained that plea negotiations had taken place, and was advised by the prosecution as to the agreed upon sentence. Counsel for the defendant and the defendant both agreed with the prosecution's statement as to the agreed sentence, and the court did in fact sentence the defendant in accordance with the agreement. We believe that under such a state of facts substantial compliance with Supreme Court Rule 402 has been accomplished and that is all that is required."

The opinion in *Zatz* cites and relies heavily upon *People v. Flannigan* (5th Dist. 1971), 131 Ill.App.2d 1059, 267 N.E.2d 739, where the court reversed for a similar failure to inform of the possibility of consecutive sentences but there the defendant was given *consecutive* sentences and, as a result, was prejudiced.

■■ We therefore decline to follow *Zatz* and hold that the error, if any, did not prejudice the defendant and does not require reversal.

■■ Defendant also contends that the minimum sentences imposed upon the instant conviction are excessive. He argues that since the two

instant sentences were imposed to run concurrently with the sentence imposed upon the 1972 conviction, the three sentences are "interrelated"; that since the 1972 sentence of 10 to 14 years will be reduced upon appeal from that conviction (see General Number 58687) in light of the fact that it involved a Class 3 or a Class 4 felony wherein the minimum sentence cannot exceed one-third the maximum imposed, the "interrelationship" between the instant sentences and that sentence must be preserved; and that therefore the minimum sentences imposed upon the instant armed robberies must likewise be reduced. He also argues that the sentences imposed frustrate the possibility of his rehabilitation and his restoration to useful citizenship.

There exists no "interrelationship" between the instant sentences and the 1972 sentence as defendant contends other than the fact that they were made to run concurrently. The 1972 conviction involved a class of felony which calls for the application of the one-to-three ratio between the minimum and maximum sentences imposed, whereas the instant convictions involve a Class 1 felony, wherein no such ratio is mandated by statute. (See Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 8—4(c)(3), 18—2 (b), 1005—8—1(c)(2) & (4).) The case of *People v. Rue* (1966), 35 Ill.2d 234, 220 N.E.2d 457, cited by defendant in support of this contention is inapposite for the reason that *Rue* involved three interrelated offenses, one of which resulted in a conviction upon trial and the other two in conviction upon pleas of guilty which were based upon the conviction at trial; the Supreme Court reversed the trial conviction on evidentiary grounds, and, in turn, reversed the conviction based on pleas of guilty because they had been founded upon the former. No such situation is presented with regard to the instant sentences and the sentence imposed upon the 1972 conviction.

■■ The terms of 10 years to 14 years imposed upon the instant conviction are not excessive. Defendant had a serious prior criminal record and had perpetrated the instant offenses at gunpoint, also holding innocent bystanders as hostages at gunpoint in an attempt to effect an escape. The hearing in aggravation and mitigation disclosed nothing which would have justified a lesser sentence. Finally, defendant affirmatively acquiesced in the sentences recommended by his counsel during the hearing, which were the sentences herein imposed by the trial judge. Defendant cannot now be heard to complain.

For these reasons, the judgments of conviction entered and the sentences imposed by the circuit court of Cook County are affirmed.

Judgments affirmed.

EGAN, P. J., and BURKE, J., concur.