(No. 35341.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HUBERT LOCKE, Plaintiff in Error.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

ROBERT W. DALEY, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant, Hubert Locke, was indicted in the criminal court of Cook County in two separate indictments for the crimes of rape and robbery. Each indictment contained an habitual count. On May 9, 1956, defendant and his counsel appeared in court where jury trial was waived and defendant requested that he be permitted to change his plea from "not guilty" to "guilty" to each indictment, including the habitual counts. Upon the court's inquiry, the defendant stated that he did wish to withdraw his plea to the rape indictment and to plead guilty thereto. The court then informed the defendant that if he was found guilty he could be sentenced to the penitentiary for a term of one year to life for the rape, or for life under the habitual count. The defendant persisted in his plea. The court then granted defendant leave to withdraw his plea of not guilty, entered a plea of guilty, and found the defendant guilty of rape and of having been previously convicted of burglary under the habitual count. The court then heard the evidence consisting of the stipulations of the testimony of the complainant and one police officer, the testimony of a second officer, and a statement given by defendant on the day of his arrest.

The defendant was then asked if he wished to withdraw his plea of not guilty to the robbery indictment and enter a plea of guilty. Upon being informed that he did so wish, the court informed him that if found guilty of robbery he could be sentenced to the penitentiary for a term of not less than one nor more than twenty years, or twenty years on the habitual count of that indictment. The defendant then persisted in his plea of guilty, leave was granted to withdraw his plea of not guilty, and his plea of guilty was entered.

The evidence previously heard was stipulated as the evidence on this indictment, and the value of the rings

taken from complainant was stipulated. In mitigation, defendant's counsel merely pointed out that defendant had a low I.Q. rating of 69, came from a broken home, had a sixth-grade education, drank excessively, and just prior to the acts complained of had been drinking.

Defendant was then sentenced to the penitentiary for his natural life on the rape indictment, and for twenty years on the robbery indictment, with the sentences to run concurrently. He now brings his writ of error to this court to review each conviction.

In seeking a reversal of the judgments of the trial court the defendant makes two contentions: (1) that the trial court erred in not properly advising the defendant of the consequences of his pleas; and (2) that the trial court erred in accepting the defendant's pleas of guilty without first determining his competency to make such pleas.

As to defendant's first contention our statute (Ill. Rev. Stat. 1957, chap. 38, par. 732,) as interpreted, provides, as does Rule 26 of this court (Ill. Rev. Stat. 1957, chap. 110, par. 101.26) that the nature of the crime charged, and the consequences of a guilty plea thereto, must be explained to a defendant before his plea may be accepted by the trial court.

An examination of the record in this case discloses that the defendant was informed by the court that two separate indictments had been returned against him, one for rape and one for robbery. Thereupon the defendant affirmed that he wanted to plead guilty to each of the charges. The court then informed the defendant, in apt language, of the consequences of a guilty plea, on both the rape and robbery indictments, and the additional habitual counts contained in each indictment. The defendant, in regard to each indictment, persisted in his pleas of guilty. Thereupon the court correctly and understandably informed defendant of the charges, and the possible sentences that could be imposed against him under each count of each

indictment, before his plea was accepted on each of the indictments. (*People* v. *Domico,* 15 Ill.2d 590.) Therefore, there is no merit in the defendant's contention that he was not properly informed of the nature of the charges or the consequences of his pleas of guilty.

The defendant insists, furthermore, that he was not fully advised of the consequences of his pleas of guilty, because the trial court erroneously indicated that it had discretion in determining the sentence to be imposed, when in truth and in fact the court had no alternative, after the entry of a plea of guilty upon each habitual count, but to sentence defendant to the maximum sentence provided for the basic charge. The consequences of each count were explained to defendant before a plea was accepted on each indictment. Until the moment of accepting each plea of guilty the court did have discretion as to whether he could accept the plea of defendant on any one or both counts of each indictment. Nothing required the court to accept the guilty plea on both counts, and the sentence would differ as to whether the plea was accepted on count 1 of each indictment, or also on count 2, the habitual count in each. Certainly the court could not sentence defendant on both count 1 and the habitual count of each indictment, (*People* v. *Hamlett,* 408 Ill. 171,) and it did not do so. Nevertheless, the defendant was entitled to know the sentence upon each count before he made his plea and it was accepted.

After finding of guilt was entered the court heard evidence upon each indictment. Defendant contends that since the court had accepted the pleas and entered judgments on the habitual counts, it possessed no discretion and hence erred in hearing evidence in aggravation or mitigation. It is difficult to see how such hearing could have misled the defendant after his pleas of guilty had been accepted and a finding of guilt was entered. It is true that the court could then only render the mandatory sentence on each habitual count, and did thereafter so sentence defendant.

The court did, however, have and did exercise some discretion in providing that the sentences should run concurrently. He could have provided that the defendant first serve the twenty-year sentence under the robbery indictment and then the life sentence under the other indictment, instead of concurrently. The hearing in aggravation and mitigation was proper for this purpose, and could not have misled the defendant in his pleas, as he had pleaded and been found guilty before this hearing. The defendant was thus clearly and correctly informed of the consequences of his pleas to the two counts of each indictment, and he was not misled to his prejudice.

Defendant finally asserts that the court erred in accepting his pleas of guilty without determining his competency to so plead, in view of his low mentality. However, nothing in the record, other than his counsel's assertion, indicates the mental state of defendant. We are not provided with the Behavior Clinic report, but presume from the record that it was available to the trial court. We do not here have a sanity question, and none was presented below.

The trial judge saw the defendant, talked with him, and observed his demeanor. Defendant's statement, although produced in evidence after the acceptance of his pleas, appears lucid and reasonably intelligent. The trial court could best determine the competency of the defendant to plead, and, upon this record, we are not able to determine that the court abused its discretion in accepting the pleas of guilty. The trial court was in a better position to so judge, and we cannot, without more than a mere assertion to the contrary, find that the court erred in this regard.

The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*