People of the State of Illinois, Defendant in Error, v. Isaac Scott, Plaintiff in Error.

Gen. No. 50,076.

First District, Fourth Division.

February 10, 1965.

Isaac Scott, pro se, plaintiff in error.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and George W. Kenney, Assistant Attorneys General, Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant entered a plea of guilty to an indictment for burglary and theft. Judgment was entered on the plea and defendant was sentenced to the penitentiary for the crime of burglary for not less than two years nor more than five years. A writ of error has been issued to review the conviction.[1]

Defendant contends that the admonishment by the court failed to comply with certain requirements set forth by statute and by Supreme Court Rule 26 (Ill Rev Stats 1961, c 38, § 732; c 110, § 101.26). Rule 26, in part, provides:

> . . . that he understands the nature of the charge against him, and the consequences thereof if found guilty. . .

The pertinent part of the admonishment [2] disclosed:

> THE COURT: Now, I am required by law to tell you that on your plea of guilty to this indictment, which charges you in one count with burglary and in the other with theft, that you may be sent to the penitentiary on the count for burglary for any indeterminate term with a minimum of not less than one year; and on the charge of theft, where the value is charged at an amount less than a hundred fifty dollars, to a penal institution, other than the penitentiary, not to exceed one year, or with that and a fine. Now, knowing all that, do you still persist in your plea of guilty?

> THE DEFENDANT: I still plead guilty.

---

[1] The case was transferred by the Supreme Court.

[2] Pursuant to Supreme Court Rule 26 the inquiries of the court and the responses of defendant were transcribed and filed with the writ of error; they showed that defendant had counsel and was advised of his right to jury trial.

MR. LANG: [defendant's attorney] Judge, the penalty, any number of years, with respect to the extent of the punishment on burglary.

THE COURT: Yes.

MR. LANG: Not limited to one year. I want Isaac to understand that, Judge.

THE COURT: Oh, yes.

MR. LANG: You understand that, Isaac?

THE DEFENDANT: Yes, sir.

Defendant argues that the court did not make clear that defendant was pleading guilty to a felony rather than to a misdemeanor and that "indeterminate" did not adequately apprise him of the potential length of the penalty.

Defendant cites People v. Ross, 409 Ill 599, 100 NE2d 923; People v. Washington, 5 Ill2d 58, 124 NE2d 890; and People v. Vitale, 3 Ill2d 99, 119 NE2d 784, as authority for his contention that he was not adequately warned. In the Ross case, supra, the rule is stated at page 602:

> A defendant in a criminal case has a right to be fully admonished and to have the consequences of his plea correctly explained before a plea of guilty can be received, and such plea must be persisted in before it can be recorded.

In that case the court reversed the conviction, stating that:

> An examination of this record discloses considerable confusion existed as to the nature of the hearing at the time the plea was changed and the

377

court purportedly heard evidence as to mitigation and aggravation.

And at page 605 the court continued:

Yet if the language used by the court is to be taken as having its usual meaning, the defendant and anyone else could presume that the judge was going to hear evidence and then decide what crime was committed or whether there was justification for the defendant's acts.

There was no such confusion in the instant case.

In Washington, supra, the plea of guilty was as to two out of nine counts and the charges were never mentioned. In Vitale, supra, the admonishment was held adequate even though defendant claimed he did not understand English or the Italian dialect which was used by his attorney-interpreter.

The essentials of an admonishment have been complied with "if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule." People v. Doyle, 20 Ill2d 163, 167, 169 NE2d 250. See also People v. Thomas, 55 Ill App2d 286, 204 NE2d 582.

The court informed defendant, who is 26 years of age, of the consequences of a guilty plea to the indictment for burglary: that he could be "sent to the penitentiary . . . for any indeterminate term with a minimum of not less than one year." Defendant's counsel, an attorney of his own choosing, further explained the penalty: ". . . any number of years, with respect to the extent of the punishment on burglary." In our opinion the admonishment by the court was sufficient to adequately advise defendant of the consequences of his plea.

Although the Supreme Court rule prescribes stringent standards for an admonishment only where the

penalty is a possible term in the penitentiary, the court adequately admonished defendant as to the consequences of a guilty plea on the theft count as well.

The conviction of defendant is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.