(No. 39493.—■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROBERT LEE MIMS, Appellant.

*Opinion filed May 28, 1969.*

Ward, J., took no part.

Jonathan T. Howe, of Chicago, (Raymond, Mayer, Jenner & Block, of counsel,) appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Michael Stevenson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

In 1963, the defendant, who had been indicted by the grand jury of Cook County on charges of murder and involuntary manslaughter, sought and was granted leave to withdraw his plea of not guilty and to plead guilty to the charge of murder. He was sentenced to imprisonment for not less than 14 nor more than 18 years. On this appeal he contends that the procedures followed by the trial court in accepting the plea were constitutionally and otherwise defective. In our opinion his contentions are unsound.

The defendant was represented by two privately retained attorneys when his plea of guilty was entered. When the motion for leave to withdraw his plea of not guilty and to

plead guilty to the charge of murder was presented, one of the defendant's attorneys described the advice that the attorneys had given the defendant as to the possible consequences of that plea, and said that after receiving that advice the defendant had stated that he still wished to plead guilty. In response to the trial judge's inquiry the defendant said that he understood that his plea of guilty waived his right to a jury trial. The judge then advised him of the possible penalties, and asked the defendant if he still persisted in his plea of guilty. The defendant answered "Yes."

The court then accepted the plea and inquired, "What are the facts?" In the presence of the defendant the assistant State's Attorney stated what the testimony of the prosecution's witnesses would be, and the defendant's attorney stipulated to those facts, which showed that the deceased had been beaten and kicked to death in the course of a robbery by the defendant and another. The deceased's watch and his wallet were found on the defendant when he was arrested, and he confessed to the crime. The trial judge then entered judgment on the plea and imposed sentence.

Although the possible sentences were twice described to the defendant, and he stated he understood that he was waiving a jury trial, his present counsel asserts that a more extensive interrogation should have been undertaken since the trial judge must have been aware of defendant's "history of maladjustment and low education." The record shows that an examination of the defendant by the Behavior Clinic of the Criminal Court of Cook County had been ordered, but it does not show the results of that examination. The conclusion that we reached in *People v. Locke,* 18 Ill.2d 471, 475, disposes of this contention. There we held that counsel's assertion that the defendant was of low mentality, coupled with the fact that a report from the Behavior Clinic had been ordered, did not establish a lack of competence to plead guilty.

In response to the defendant's assertion that he was not

afforded an opportunity to withdraw his plea, it is necessary only to refer to the proceedings in the trial court. After advising the defendant that a change of plea would waive a jury trial, and describing the range of potential sentences, the trial judge asked. : "Do you persist in your plea of guilty?" Nothing before us suggests that the defendant's affirmative response to this question was unintended or in any way equivocal.

The recital of the anticipated testimony of the witnesses for the prosecution, in the presence of the defendant and his attorneys, without protest and indeed with acquiescence, demonstrates to our satisfaction that the defendant's conduct falls within the charge to which he pleaded guilty. In this connection we have carefully considered the opinion of the Supreme Court of the United States in *McCarthy* v. *United States,* 37 L.W. 4285, 22 L. Ed. 2d 418, 89 S. Ct. 1166, decided on April 2, 1969, after this case had been submitted for decision. That opinion emphasizes the importance of personal inquiries addressed to the defendant to ascertain directly his understanding of the nature of the charge against him. And although that decision was "based solely" upon the Supreme Court's construction of Rule 11 of the Federal Rules of Criminal Procedure, the underlying reasons apply equally to Rule 401 of this court. (Ill. Rev. Stat. 1967, ch. 110A, par. 401; see also, Ill. Rev. Stat. 1967, ch. 38, par. 115—2(b).) In the case before us, however, there is no room for the kind of doubt as to the intent with which the criminal act was performed which prompted the Supreme Court to set aside the plea of guilty in the *McCarthy* case.

The defendant has also attacked the judgment entered on his plea of guilty in a post-conviction petition in which he alleged that he had pleaded guilty because his retained attorneys told him that unless he did so they would not represent him. That petition was dismissed upon motion. The defendant appealed. (No. 40439.) We remanded to the

circuit court when the State confessed error because the defendant had not been adequately represented in the post-conviction proceeding. That proceeding is now pending in the circuit court, and all issues concerning the alleged coercion under which the defendant entered his plea will there be explored.

The defendant also alleges that a delay in the appointment of counsel to represent him upon this appeal has deprived him of due process. On the basis of a letter from the defendant to the clerk of this court, a writ of error was issued on September 28, 1965. On January 18, 1968, upon this court's own motion, the defendant's present attorney was appointed to represent him.

When the writ of error in this case was issued in 1965, it was not the practice of this court to appoint counsel to represent defendants who had been convicted upon a plea of guilty. Attorneys were, however, appointed to represent indigent defendants in post-conviction proceedings, both in the trial courts and in this court. Such a proceeding provided an opportunity for a defendant to offer evidence to support his attack upon the validity of his plea and thus, in our view, afforded a more effective method of review than was available upon a direct review of the formal record of the proceedings when the plea was entered. In 1967, however, in *Milani* v. *Illinois,* 386 U.S. 12, 17 L. Ed. 2d 702, 87 S. Ct. 12, the United States Supreme Court summarily reversed, on the basis of *Douglas* v. *California,* 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814, the conviction of a defendant who had pleaded guilty and for whom we had declined to appoint counsel on appeal. After the *Milani* case was decided, we amended our Rules to provide for the appointment of counsel to represent indigent defendants upon direct review of convictions entered upon pleas of guilty. See Ill. Rev. Stat. 1967, chap. 110A, pars. 605, 607; *People* v. *Heirens,* 38 Ill.2d 294, 300.

The delay between the decision in *Milani* and the ap-

pointment of counsel in this case was a product of several factors, including the uncertain status of the case, which had been pending for more than 16 months without any memoranda or briefs having been filed. The post-conviction remedy to which we have referred has been available to the defendant at all times since his conviction. The defendant was not deprived of due process of law by the delay in the appointment of counsel to represent him in this case.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.