THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES CLEMENT, Defendant-Appellant.

(No. 70-168; ▮▮▮▮▮▮)

Third District—August 25, 1972.

John L. Barton, of Defender Project, of Ottawa, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa, (Thomas R. Flood, of counsel,) for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

James Clement appeals to this Court from a judgment of conviction following a plea of guilty to the crime of burglary. He was sentenced to a term of imprisonment of not less than 3 nor more than 10 years on May 25, 1970. The sole issue presented in this appeal is whether the trial court erred in accepting the plea. Appellant contends that the court failed to advise him adequately of the nature of the offense with which he was charged.

The record shows that on January 21, 1969, defendant Clement was indicted for the crime of burglary. Two days later he appeared in court with his attorney. The prosecutor read the indictment to defendant and gave a copy to him. In April 1969 defendant, pursuant to court order, was examined by two psychiatrists, for the purpose of determining whether defendant Clement was competent to be tried. On September 22, 1969, defendant appeared in court with his counsel and moved for a competency hearing. The motion was denied by the court on the basis of the psychiatrists' reports and the court found defendant competent to be tried. Clement then offered to plead guilty to the burglary count. The trial court accepted the plea.

On October 2, 1969, defendant again appeared in court with his counsel and asked to withdraw his plea for the reason that no competency hearing had been held. The court allowed Clement to withdraw the plea of guilty and in February of 1970 Clement received a second psychiatric examination. Following a competency hearing in May of 1970, the court again found him competent to be tried. The following week Clement appeared in court again with his counsel and offered to plead guilty to the burglary count. The trial court then (for the second time) accepted the tendered plea of guilty.

██ From the record it appears that each time he tendered his plea of guilty the court advised Clement that burglary was the offense to which he was offering to plead guilty. The court ascertained that defendant Clement was aware of the consequences of a judgment of conviction with respect to the offense of burglary. The court did not, however, discuss with Clement either the factual basis for the burglary count or the elements of the crime of burglary.

At the time defendant Clement pleaded guilty in the instant case, Rule 401 (b) of Illinois "Rules on Criminal Proceedings in the Trial Court" was in the form in which it existed prior to September 1, 1970. (Ch. 110A, Illinois Revised Statutes Annotated, sec. 401 (b).) Rule 401 was amended and an additional Rule 402 became effective on September 1, 1970. Under the Rule in existence at the time of the acceptance of the plea of guilty of defendant Clement in the case before us, the specified

procedure on acceptance of a plea of guilty was that the court should not permit a plea of guilty by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary unless the court finds from proceedings had in open court at the time that the plea of guilty is entered and that the accused "understands the nature of the charge against him and the consequences thereof if found guilty". On appeal we are asked to determine whether the trial court's acceptance of defendant Clement's plea complied with the requirements of Supreme Court Rule 401 (b) as that Rule existed at that time, and, also, if there was compliance therewith, whether such Supreme Court Rule 401 (b) adequately stated the required procedure.

As we have indicated, Rule 401 (b), as it existed prior to September 1, 1970, required only that the court find that defendant understood the nature of the charge against him and the consequences thereof if found guilty. On this appeal no question is raised as to whether or not Clement understood the consequences of his plea. The only question before us is whether the trial court, having advised defendant Clement that he was charged with burglary, could find that Clement understood "the nature of the charge against him".

This issue was before us and was determined in *People v. McCrady*, 131 Ill.App.2d 836, 267 N.E.2d 515, in which we followed *People v. Harden*, 78 Ill.App.2d 431, 222 N.E.2d 693, affirmed 232 N.E.2d 725. In the *McCrady* case the defendant McCrady (as was true of defendant in the case at bar) received a copy of the indictment. The indictment included a charge of burglary. McCrady tendered his plea of guilty to the charge of burglary. He was advised by the trial court that he was charged with the offense of burglary. In our consideration of the entire record in the *McCrady* case, particularly the fact that defendant had received copies of the complaints and indictments and defendant's previous court experience, we were satisfied that the trial judge adequately informed defendant of the nature of the charge against him. In the case before us, defendant Clement had likewise received a copy of the indictment, which was read to him. At all times defendant was represented by counsel. As we had indicated in our determination in the *McCrady* case in considering *People v. Harden, supra*, the issue was to determine the meaning of the phrase "nature of the charge". It was determined that the word "nature" was synonymous with the words "essence, general character, kind or sort" and the *Harden* court found that Rule 401 (b) did not call upon the trial court to state to defendant all the acts which do or may constitute the offense. It was enough, the court in that case determined, that defendant was advised that he was accused of pandering.

Appellant relies on *People v. Washington*, 5 Ill.2d 58, 124 N.E.2d 890

but we believe that such case is clearly distinguishable from the *Harden* and *McCrady* cases and from the case at bar. In the *Washington* case, the trial court referred only by number to certain counts of the indictment, but did not mention the crime with which defendant was charged. The *Washington* case was distinguished for the reason that the crime was not referred to by name in *People v. Harden, supra,* and *People v. Scott,* 55 Ill.App.2d 375, 204 N.E.2d 586, 588, and *People v. Carter,* 107 Ill.App. 2d 474, 246 N.E.2d 320-322, *cert.* denied 397 U.S. 1008. Consequently, we do not feel that *Washington* is an appropriate precedent on the basis of the record before us, and conclude that the trial court could properly find that defendant understood the nature of the charge of burglary.

■■ As we have noted previously (after the trial court had accepted defendant Clement's plea in the instant case), 401 (b) was superseded by an amended Rule 401 and by a completely new Rule 402. Under new Rule 402 (c), the trial court is now in fact required, in accepting a plea of guilty, first to determine that there is a factual basis for the plea. We particularly note that the Committee Comments with respect to the new Rule 402 (c) were to the effect that Rule 402 (c) was adopted to require an inquiry that was not uncommon in current practice, but heretofore had not been specifically required by law. (Ch. 110A, Illinois Revised Statutes Annotated, sec. 402 (c), Committee Comments.) We note that the language of the new Supreme Court Rule 402 (c), was based on the language contained in Rule 11 of the Federal Rules of Criminal Procedure. The United States Supreme Court determined in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, that to comply with said Rule 11 of the Federal Rules of Criminal Procedure, the trial court must determine that a factual basis for a plea exists. Federal Procedure Rule 11 expressly provides that the court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. The Supreme Court indicated in the *McCarthy* case that its decision was based solely upon its construction of Rule 11. The court also observed that the procedure embodied in Rule 11 had not been held to be constitutionally mandated. The court indicated that it did not reach any of the constitutional arguments which *McCarthy* argued as additional grounds for reversal. In our court, defendant Clement argues that the *McCarthy* case required the invocation of a similar procedure under Rule 401 (b) as that rule existed in May of 1970. We find no basis, either in Rule 401 (b) as it existed or in the *McCarthy* case or in *People v. Mims,* 42 Ill.2d 441, 248 N.E.2d 92, to support defendant's interpretation.

In *People v. Mims, supra,* the Illinois Supreme Court took account of the *McCarthy* discussion of Federal Procedure Rule 11. Although the

Illinois Supreme Court agreed that the underlying reasons for the *Mc-Carthy* ruling with respect to Rule 11 apply equally to Rule 401 in Illinois, we do not understand the Supreme Court in *Mims* to have indicated that such procedure was required under pre-existing Rule 401. It is apparent from the precedents that the required use of that procedure commenced only with the effective date of Rule 402 (c) and that the purpose of Rule 402 (c) was to require that practice and to do so necessitated an entirely new rule as adopted by the Supreme Court of this State. We do not believe that retroactive effect should be given to the provisions of Rule 402 (c) through an interpretation sought by defendant which would have imposed specific undescribed duties on a trial court particularly since the *McCarthy* case found that such procedure was not constitutionally required and, also, since previous determinations in this State have likewise found that such procedure was not then required.

We, therefore, conclude that since the trial court accepted defendant Clement's plea of guilty prior to the enactment of Rule 402 (c), such acceptance of such plea complied with the requirements of the then existing Rule 401 (b) and that reversal is not required on the basis that the trial court should have initiated a more stringent procedure than was required by such rule and which in fact was first required by the adoption of Rule 402 (c).

The judgment of conviction in this case will be affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.