The People of the State of Illinois, Plaintiff-Appellee, *v.* Jesse Warner, Defendant-Appellant.

(No. 11891; ▮▮▮▮▮▮▮

Fourth District—January 16, 1974.

John F. McNichols, Deputy Defender, of Springfield (Bruce L. Herr, Assistant Appellate Defender, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant entered a plea of guilty to the offense of burglary. His petition for probation was denied and he was sentenced pursuant to the terms of a negotiated plea agreement to a term of not less than 1 nor more. than 10 years in the Illinois State Penitentiary. He appeals the judgment of conviction and the sentence.

While we need only consider one issue raised by the defendant upon appeal, that being whether the court adequately admonished the defendant pursuant to the requirements of Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) with reference to the acceptance of the plea of guilty, we find it necessary to state some of the background of this case in order to consider that issue.

On January 6, 1971, the defendant was charged with the offense of burglary. Upon a finding that the defendant was indigent, the public defender was appointed to represent him. Thereafter, appointed counsel filed a petition asking a determination of the defendant's competency. A jury trial was held and the defendant was found to be an incompetent person. Thereafter, an order was entered declaring the defendant to be incompetent and committing him to the Department of Mental Health.

On November 29, 1971, the State filed a petition in the circuit court

seeking to again determine the issue of defendant's competence and on December 15, 1971, the record contains the following discussion:

"MR. CARPEL: Also I think there is a petition to determine competency filed by the People of the State of Illinois.

THE COURT: * * * Defendant personally present. Petition to determine competency heretofore filed again presented. Show upon said petition, Doctor Milton C. Baumann, appointed for purpose of examination and report. Petition allotted for jury trial on December 13, 1971 at 9:30 A.M.

I recognize that it is possible that it will not be ready for such trial or mental determination, but we're allotting it any way in case it would be.

Mr. Warner, that trial means not on the charge for burglary, but it's a matter of jury determination of whether you're competent to stand trial.

DEFENDANT: I see.

* * *

MR. CARPEL: This is * * * there is another cause, 71-CF-10 also.

THE COURT: Well, we can enter the same thing in each. No point in repeating ourselves.

Any questions Mr. Warner?

DEFENDANT: I don't know, Your Honor, the sheriff came over and got me Saturday, and I didn't quite understand what was going on as they took me upstairs.

THE COURT: Right.

DEFENDANT: And also upstairs they said they were going to take me back to Kankakee either Monday or Tuesday. They didn't know, you know, I was home on a home visit, you know. I didn't know.

THE COURT: No, what the story is, Kankakee has said you are mentally competent.

MR. WARNER: Yes, sir. I went to staff there a month ago and I got my absolute discharge and they had to write a letter to the sheriff's department, one to Mental Health and one to somebody else.

THE COURT: That's what we're trying to determine first, whether you are competent. Secondly then, it will be a matter of further disposition as to these charges.

DEFENDANT: Thank you very kindly. * * *"

The record of the above proceedings (December 6, 1971) shows that defendant was not represented by counsel.

At the competency hearing on December 15, 1971, the following occurred:

"MR. FICHTER: People tender, Your Honor, report of Doctor Baumann, examining psychiatrist, who examined this defendant on December 14th, or December 13th, 1971.

THE COURT: Let's start out by having the record show that the defendant is present with counsel, Mr. Bennett. * * * No objection to filing report. Copy served on you, Mr. Bennett?

MR. BENNETT: Yes, Your Honor.

THE COURT: I have looked at the report and looked at the concluding paragraph to see what his conclusions are. I see the last paragraph reads as follows, quote:

'I do feel that he has recovered sufficiently to cooperate with his counsel and stand trial. He does know what is going on. He is competent and can stand trial now.'

When we had the jury here a few minutes ago, I think we excused them on the basis that jury determination would be waived. Is that correct?

MR. BENNETT: That is correct, Your Honor.

THE COURT: And if he is competent he can, is competent to waive. So show jury determination waived on question of competency."

The only evidence offered on the issue of defendant's competency was a copy of the psychiatric report. No evidence was offered by the defendant and the court entered a finding that the defendant was competent. Such order was entered on December 15, 1971.

On January 24, 1972, defendant changed his plea from not guilty to guilty pursuant to an agreement with the state's attorney that the State would concur in the recommendation of the probation officer, and if probation was to be denied, the State would recommend a sentence of not less than 1 nor more than 10 years. With respect to the admonishment on the nature of the charge and the sentence that could be imposed, the following occurred:

"THE COURT: He's offering to plead guilty in 71-CF-10, charging burglary, and reading the indictment in that cause, it alleges that on the 3rd day of January, 1971, he committed the offense of burglary in violation of Chapter 38, Section 19—1, Illinois Revised Statutes, 1969, in that he knowingly and without authority entered a residential building at Rural Route Number 1, Macon County, occupied and possessed by Larry Dean Harrison, with the intent to commit therein a theft, contrary to the form of the statute, et cetera.

The charge is burglary. The Criminal Code provides that anyone convicted of the crime of burglary may be sentenced to the penitentiary for an indeterminate term of any number of years as the maximum with a minimum of one year.

Mr. Warner, if we accept the plea in this cause, then it may result in a sentence, and that sentence could be for any number of years as a maximum, with a minimum of one, do you still offer to plead guilty to this charge?

MR. JOHNSON: (Counsel for Defendant)

Your Honor, our plea is at this time, the defendant is unaware of the circumstances of it. He would like to enter a plea of no contest to the charge if that is possible.

THE COURT: I don't think that is possible in Illinois. I think you have to have a plea of guilty or not guilty in Illinois.

MR. JOHNSON: All right, as our business we would be pleading guilty but as our basis for that I'm sure we'll make in the record exactly what Mr. Warner intends in his plea.

THE COURT: Well—all right, let's see how it shapes up by proceeding further. At this point I was asking about the plea of guilty in view of the penalty that may be imposed. Am I correct he still is saying I don't want a trial, jury trial, I'll dispose of this cause by a plea of guilty being entered. Is that what you're saying?

MR. JOHNSON: Yes.

DEFENDANT: Yes."

Supreme Court Rule 402(a) provides that the trial court shall not accept the plea of guilty without first addressing the defendant personally in open court informing him of and determining that he understands the nature of the charge, the possible penalties that may be imposed, and other matters enumerated in sub-paragraphs 1 through 4 of paragraph (a) of the Rule.

It is apparent from an examination of the above quoted relevant portions of the record that the trial court in this case did not make personal inquiries of the defendant and the record does not reflect any basis for a determination that the defendant understood the nature of the charge and the possible penalties to be imposed. In *People v. Mims*, 42 Ill.2d 441, 248 N.E.2d 92, the Illinois Supreme Court speaking through Mr. Justice Schaefer stressed the importance of personal inquiries to the defendant to ascertain directly his understanding of the nature of the charge against him.

The record in this case, the preceding competency hearing, the determination of the defendant's want of competency and the subsequent

determination as herein related of an alleged recovery of competence, makes the necessity for personal inquiry more apparent.

Our examination of this record leads us to the conclusion that there was want of compliance with the requirements of Rule 402 and for that reason, the judgment and sentence of the circuit court of Macon County must be reversed and this cause remanded to the circuit court with directions to allow the defendant to proceed anew.

Reversed and remanded with directions.

TRAPP and SMITH, JJ., concur.