THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* DONALD LEE MITCHELL, Petitioner-Appellant.

(No. 73-66; ▮▮▮▮▮▮▮▮

Fifth District—March 19, 1975.

Robert E. Farrell and Steven Clark, both of State Appellate Defender's Office, of Mount Vernon, for appellant.

Robert W. Whitmer, State's Attorney, of Robinson, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

On June 19, 1970, appellant, Donald Lee Mitchell, was charged by a criminal complaint with the offense of burglary, and on the same day, appellant pled guilty to such offense before the Circuit Court of Crawford County. Subsequently, appellant's petition for post-conviction relief (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) was granted, and a hearing on the post-conviction petition was held on January 11, 1973. After the hearing was concluded, the trial court denied appellant post-conviction relief. It is from such denial that the appellant now brings this appeal.

■■■ Appellant asserts that on June 19, 1970, the trial court failed to admonish him of the nature of the charge, as required by Illinois Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) and its predecessor Rule 401 (Ill. Rev. Stat. 1969, ch. 110A, par. 401), and such failure itself constituted a substantial denial of appellant's constitutional rights. We disagree, for as we have often stated, the individual requirements of former Rule 401, or the present Rule 402 are not constitutionally mandated. Indeed, no statute or rule of court may of itself establish or confer a constitutional right. *People v. Orndoff*, 39 Ill.2d 96, 233 N.E.2d 378 (1968).

■■ The purpose behind former Supreme Court Rule 401 and subsequently Rule 402 was to provide a record which would reflect that the plea of guilty was entered intelligently and voluntarily. Clearly, it is a Federal constitutional requirement that the record show that a defendant enters a plea of guilty intelligently and voluntarily. (*Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969).) Accordingly, the violation of former Rule 401, or subsequent Rule 402, may or may not be a substantial denial of a constitutional right, depending upon whether the violation affected the intelligent and voluntary nature of the plea.

In *McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 89 S.Ct. 1166 (1969), the United States Supreme Court recognized that a guilty plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. The logic of *McCarthy* was recognized by the Illinois Supreme Court and applied to Rule 401 in *People v. Mims*, 42 Ill.2d 441, 248 N.E.2d 92 (1969). Thus the constitutional issue before us is not whether there was a per se violation of former Rule 401 or the subsequent Rule 402, but whether the appellant entered his plea of guilty on June 19, 1970, in an intelligent and voluntary manner. To determine this question, we must look carefully at the record of the proceeding at which appellant entered his guilty plea.

Prior to accepting the appellant's plea, the trial court asked a series of questions which touched upon the nature of the charge of burglary:

"Q. You are charged with Burglary of the Big John store in Oblong. Did you actually enter the confines of the building?
A. Inside the back there.
Q. Did you break the lock off?
A. Yes—Gene Wilson was one opened the door—
Q. Did you take anything from the store at that time?
A. No, sir.
Q. Did you go in there with the intention of taking anything?
A. Yes, sir."

Appellant was charged by the complaint as follows:

"That on the 1st day of June, 1970, \* \* \* Donald Lee Mitchell committed the offense of Burglary in that said Donald Lee Mitchell did, without authority, knowingly enter the building owned by \* \* \* others \* \* \* in the Village of Oblong, State of Illinois, with the intent to commit therein a felony or theft, in violation of Chapter 38, Section 19—1, of the Illinois Revised Statutes of 1969."

Section 19—1 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 19—1) states in part as follows:

"(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, \* \* \* or any part thereof, with intent to commit therein a felony or theft."

With regard to this case, the key elements of burglary are unauthorized entry and intent.

■■ It is ascertainable from the record that the appellant was aware that these elements constituted the offense of burglary. The language used in the indictment is clear and easily understandable, and defendant had ample opportunity to confer with counsel of his own choice. The language used in the present indictment is not expressed in technical or legal terms which would be difficult for a layman to understand. In the instant case, we hold that a review of the record reveals that the appellant understood the nature of the charge, and that he intelligently and voluntarily entered a plea of guilty.

The judgment of the Circuit Court of Crawford County is affirmed.

Judgment affirmed.

EBERSPACHER and G. MORAN, JJ., concur.